

# NUMBER 13-13-00567-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE STATE OF TEXAS,**                                                              **Appellant,**

**v.**

**JOSHUA CACIAS,**                                                                   **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Rodriguez**

In this appeal, appellant, the State of Texas, challenges the trial court's resentencing of appellee, Joshua Cacias. By two issues, the State contends that: (1) the trial court abused its discretion when it resentenced Cacias because it had no valid legal basis upon which it could have granted a new punishment trial; and (2) alternately,

the trial court erred by resentencing Cacias because his motion to reconsider had been overruled by operation of law when the internal inconsistencies of the October 14, 2013 order left the motion without a written ruling and the trial court without jurisdiction. We reverse and remand.

## I. BACKGROUND

On July 30, 2013, Cacias entered an open plea of "guilty" to one count of second-degree manslaughter. *See* TEX. PENAL CODE ANN. § 19.04 (West, Westlaw through 2013 3d C.S.); *see also id.* § 12.33(a) (West, Westlaw through 2013 3d C.S.) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice [TDCJ] for any term of not more than 20 years or less than 2 years."). And Cacias pleaded "no contest" to one count of third-degree failure to stop and render assistance. *See* TEX. TRANSP. CODE ANN. §§ 550.021, 550.023 (West, Westlaw through 2013 3d C.S.); *see also* TEX. PENAL CODE ANN. § 12.34(a) (West, Westlaw through 2013 3d C.S.) ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the [TDCJ] for any term of not more than 10 years or less than 2 years."). Both counts involved the rollover death of Eric Flores.

After accepting Cacias's pleas and hearing testimony of several witnesses, the trial court found Cacias guilty as charged. That same day, the trial court heard arguments of counsel and sentenced Cacias to twenty years in the TDCJ for manslaughter and ten years for failure to stop and render assistance, with the sentences to run concurrently. The court's order issued on August 8, 2013.

On August 21, 2013, Cacias filed a motion to reconsider his sentence, arguing, in relevant part, the following: (1) the sentence imposed, which was the maximum

sentence authorized by statute for each of the respective offenses, was "too harsh;" (2) another defendant in this case who pleaded guilty to the same charges except for intoxication manslaughter was sentenced by another court to thirteen years in prison, and the sentence was "even more the prosecutor or the victim's family had wanted." He asked "the court to reconsider the sentence imposed and to reduce it to a term of years that would punish Cacias, but is not greater than justice requires." On October 14, 2013, the trial court granted Cacias's motion, agreeing to reconsider his sentence and setting a hearing on the motion although it specified no date or time.

On October 25, 2013, the trial court held a hearing on the motion. Cacias argued that the trial court had the authority to grant his motion to reconsider and that case law established "that the [trial court could] consider that a sentence is excessive or disproportionate to other sentences assessed by this court or other courts, and can do another sentencing in the interest of justice." In response, the State argued that Cacias's motion set out no legal basis upon which the trial court could grant a new punishment hearing. At the conclusion of the parties' arguments, the trial court resentenced Cacias to twelve years for manslaughter, but left intact the original ten-year sentence for failure to stop and render assistance. The trial court ordered the sentences to run concurrently. On November 21, 2013, the trial court signed a judgment titled "RE-SENTENCING JUDGMENT OF CONVICTION BY COURT WAIVER OF JURY TRIAL" that reflected the oral pronouncement of October 25, 2013. This appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3) (West, Westlaw through 2013 3d C.S.) (allowing the State to appeal an order granting a new trial in a criminal case).

3

## II. Discussion

By the first issue, the State contends that the trial court abused its discretion by granting Cacias's motion and resentencing him without legal justification. Cacias responds that "the record of the hearing on the [m]otion to [re]consider [s]entence reflects that [he] asserted an 'interest of justice' claim," and that he "moved for a new punishment trial in the interest of justice because his sentence was disproportionate to those imposed on similarly situated defendants."

### A. Applicable Law and Standard of Review

The Texas Court of Criminal Appeals has held that a motion for reconsideration of sentence is functionally indistinguishable from a motion for new trial on punishment, and the trial court's order granting the same may be treated as an order granting a new trial on punishment. *See State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011)*.*

> The standard of review when a trial court grants a motion for a new trial is abuse of discretion. The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather, "whether the trial court acted without reference to any guiding rules or principles." The mere fact that a trial court may decide a matter differently from an appellate court does not demonstrate an abuse of discretion. . . . A trial court abuses its discretion if it grants a new trial for a non-legal or a legally invalid reason. The trial court cannot grant a new trial based on mere sympathy, an inarticulate hunch, "or simply because he personally believes that the defendant is innocent or received a raw deal."

*State v. Thomas*, 428 S.W.3d 99, 103–04 (Tex. Crim. App. 2014) (citations omitted).

> Texas Rule of Appellate Procedure 21.3 provides that,
>
> The defendant must be granted a new trial, or a new trial on punishment, for any of the following reasons:
>
> (a) except in a misdemeanor case in which the maximum possible punishment is a fine, when the defendant has been unlawfully tried in

4

absentia or has been denied counsel;

(b) when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights;

(c) when the verdict has been decided by lot or in any manner other than a fair expression of the jurors' opinion;

(d) when a juror has been bribed to convict or has been guilty of any other corrupt conduct;

(e) when a material defense witness has been kept from court by force, threats, or fraud, or when evidence tending to establish the defendant's innocence has been intentionally destroyed or withheld, thus preventing its production at trial;

(f) when, after retiring to deliberate, the jury has received other evidence; when a juror has talked with anyone about the case; or when a juror became so intoxicated that his or her vote was probably influenced as a result;

(g) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial; or

(h) when the verdict is contrary to the law and the evidence.

TEX. R. APP. P. 21.3.

"Though the trial court may grant a motion for new trial on a basis not listed in Rule 21.3, the court cannot grant a new trial 'unless the defendant shows that he is entitled to one under the law.'" *Thomas*, 428 S.W.3d at 104 (citing *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007)). In other words, "[a] judge may grant or deny a motion for a new trial [on punishment] 'in the interest of justice . . . .'" *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013) (quoting *Herndon*, 215 S.W.3d at 907). However,

[t]he trial court's discretion to grant a motion for new trial 'in the interest of justice' is not "unbounded or unfettered." Instead, "justice" means "in accordance with the law." Without a showing that substantial rights were affected, a defendant should not be granted a new trial or else "the phrase

5

'interest of justice' would have no substantive legal content, but [would] constitute a mere platitude covering a multitude of unreviewable rulings."

*Thomas*, 428 S.W.3d 104–05 (quoting *Herndon*, 215 S.W.3d at 907). And while explaining that it did not need to "set out bright-line rules concerning appellate review of a trial court's discretion in this area," the *Thomas* Court concluded that,

> a trial court would not generally abuse its discretion in granting a motion for new trial if the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure.

*Id.* at 105 (citing *Herndon*, 215 S.W.3d at 909); *Zalman*, 400 S.W.3d at 591.

## B. Discussion

In his motion, Cacias complained of the harshness and the injustice of his sentence, asserting that his sentence was "even more than the prosecutor or the victim's family had wanted." Cacias set out that "[he had been] informed of the twelve year T.D.C. plea offer made by the State, and the potential risks of proceeding open to the [c]ourt or a jury," and "decided to plead open to the [c]ourt." Cacias did, in fact, enter an open guilty plea to the manslaughter count, without a plea bargain, and he does not now assert, as a legal basis for his claim, that counsel's assistance was ineffective in that regard. *See Thomas*, 428 S.W.3d at 106 (explaining that "if exculpatory evidence is known to defense counsel before the trial, but not introduced at trial, a new trial could be granted on the [legal] basis of ineffective assistance of counsel"). Cacias's motion referred to evidence adduced at the punishment hearing—evidence of prior bad acts and a prior conviction and evidence of his home life. He did not complain of the absence of witnesses at trial. *See id.* (setting out that "[t]here are certain grounds on which the

absence of witnesses at trial can form the [legal] basis for granting a new trial"). He noted that the trial court heard that he was remorseful and that he had sought and obtained forgiveness from the victim's family. Cacias also informed the trial court, through his motion, that another defendant in another courtroom pleaded guilty to similar charges and had received a thirteen-year sentence.

On appeal, Cacias repeats his trial court arguments and argues that he "moved for a new punishment trial in the interest of justice because his sentence was disproportionate to those imposed on similarly situated defendants." He also argues that he "showed, as required by *Herndon*, that there was a serious flaw or error in the assessment of punishment that adversely affected his substantial right to a fair trial by causing a disproportionate punishment of 20 years TDC to be assessed." Yet Cacias provides no authority showing how his punishment was disproportionate, such that it provided a legal basis for the trial court to resentence him in the interest of justice. *See, e.g.,* U.S. CONST. amend. VIII (providing "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted"); *Solem v. Helm*, 463 U .S. 277, 292 (1983) ("In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."); *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (holding that punishments falling within prescribed statutory limitations are not cruel and unusual within the meaning of the Texas Constitution). Instead, he argues only in general terms that because his sentence was disproportionate the trial court should have reconsidered his

punishment in the interest of justice.

Without more, we simply cannot conclude that Cacias articulated a valid legal claim in his motion for resentencing that would support the trial court's order granting, in the interest of justice, a new trial on punishment. *See id.* at 105. In addition, Cacias produced no evidence and pointed to none in the trial record that substantiated any valid legal claim. *See id.*; *see also State v. Stewart*, 282 S.W.3d 729, 735 (Tex. App.—Austin 2009, no pet.) ("[A] motion for new trial is merely a pleading, and the defendant must establish the truth of the allegations contained in the motion."). Cacias has not shown that he is entitled to a new trial on punishment, under the law. *See Thomas*, 428 S.W.3d at 104–05. And the trial court does not have discretion to grant a new trial on punishment "unless the defendant shows that he is entitled to one under the law." *See id.* (quoting *Herndon*, 215 S.W.3d at 907).

Instead, the trial court's judgment resentencing Cacias appears to be based on "raw deal" reasoning, which is a non-legal reason that the court of criminal appeals has rejected. *See id.* at 104. Following counsels' arguments at the hearing on resentencing, the trial court provided the following basis for its decision:

> [I]t was unbeknownst to this [c]ourt that the State had recommended 12 years in plea negotiations. It was not told to the [c]ourt at the time of sentencing. And in the interest of justice, this [c]ourt is going to accept that and sentence the defendant to 12 years at the Texas Department of Criminal Justice [on his manslaughter conviction, with the failure-to-stop-and-render-aid sentence to stand].

In this case, the trial court's failure to consider the State's offer of a twelve-year sentence when it first sentenced him to twenty years in prison for manslaughter is not, by itself, a valid legal claim. *See id.* The trial court did not articulate that it reconsidered

8

Cacias's sentence because it was disproportionate to other sentences assessed. And to the extent the trial court's explanation for resentencing could be construed as acknowledging "new evidence," such that it would be considered a valid legal basis for Cacias's claim, our review of the record reveals no evidence of plea negotiations; Cacias did not establish the truth of the allegations contained in his motion. *See Thomas*, 428 S.W.3d at 105; *Stewart*, 282 S.W.3d at 735.

In the absence of a valid legal claim of any sort upon which to base a new trial on punishment, the trial court acted without reference to any guiding rules or principles and, thus, abused its discretion in granting Cacias's motion to reconsider his sentence and in entering a judgment resentencing him to twelve years in prison for his manslaughter conviction. *See Thomas*, 428 S.W.3d at 103. We sustain the State's first issue. Because our disposition of this issue is dispositive of this appeal, we need not address the State's second issue. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the resentencing judgment of conviction and remand the case to the trial court with instructions to vacate its order granting Cacias's motion to reconsider sentencing and its judgment resentencing Cacias and to reinstate the original judgment and sentence.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of August, 2014.

9