ACCEPTED
01-15-00294-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/24/2015 11:12:18 AM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00294-CV**

In the
**Court of Appeals**
For the
**First District of Texas**
At Houston

───────◆───────

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/24/2015 11:12:18 AM

CHRISTOPHER A. PRINE
Clerk

**No. 1884399**
In the County Criminal Court at Law Number Fifteen
Of Harris County, Texas

───────◆───────

**AMINA ROSE WHITE**
*Appellant*

V.

**THE STATE OF TEXAS**
*Appellee*

───────◆───────

STATE'S APPELLATE BRIEF

───────◆───────

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**MELISSA P. HERVEY**
Assistant District Attorney
Harris County, Texas
State Bar Number: 24053741

**LAUREN CLEMONS**
Assistant District Attorney
Harris County, Texas

1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone: (713) 755-5826
Fax Number: (713) 755-5809
Hervey_Melissa@dao.hctx.net

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 9.4(g) and Texas Rule of Appellate Procedure 39.1, the State requests oral argument only if appellant requests oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rules of Appellate Procedure 38.1(a) and 38.2(a)(1)(A), a complete list of the names of all interested parties, and the names and addresses of all trial and appellate counsel, is provided below:

*Counsel for the State, Appellee:*

**Devon Anderson**—District Attorney of Harris County

**Melissa P. Hervey**—Assistant District Attorney on appeal

**Lauren Clemons**—Assistant District Attorney at trial

Harris County District Attorney's Office
1201 Franklin Street, Suite 600
Houston, Texas 77002

*Appellant or Criminal Defendant:*

**Amina Rose White**

*Counsel for Appellant:*

**Ashton Christopher Adair**—Defense Counsel on appeal and at the hearing on appellant's petition for an order of nondisclosure

The Adair Law Firm
7400 Gulf Freeway

i

Houston, Texas 77017

*Trial Judge:*

**Honorable Jean Spradling Hughes**—Presiding Judge of the County Criminal Court at Law Number Fifteen

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...............................................i

IDENTIFICATION OF THE PARTIES ...................................................i

TABLE OF CONTENTS ............................................................ ii

INDEX OF AUTHORITIES....................................................... iii

STATEMENT OF THE CASE.......................................................1

STATEMENT OF FACTS ........................................................2

SUMMARY OF THE ARGUMENT ..................................................3

REPLY TO APPELLANT'S SOLE POINT OF ERROR......................................3

    I.    *STANDARD OF REVIEW AND APPLICABLE LAW REGARDING A PETITION FOR AN ORDER OF NONDISCLOSURE OF CRIMINAL HISTORY RECORD INFORMATION* ...........................................................4

    II.    *THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN DENYING APPELLANT'S PETITION FOR NONDISCLOSURE* ........................................6

CONCLUSION AND PRAYER ......................................................14

CERTIFICATE OF COMPLIANCE....................................................16

CERTIFICATE OF SERVICE .......................................................17

# INDEX OF AUTHORITIES

**CASES**

*Chadwick v. State*,
309 S.W.3d 558 (Tex. Crim. App. 2010)..............................................................13

*Harris v. State*,
402 S.W.3d 758 (Tex. App.—
Houston [1st Dist.] 2012, no pet.) ................................................................ 12, 14

*Jackson v. State*,
No. 14-13-00747-CV, 2014 WL 6085593 (Tex. App.—
Houston [14th Dist.] Nov. 13, 2014, no pet.)........................................................5

*Montgomery v. State*,
810 S.W.2d 372 (Tex. Crim. App. 1990).............................................................6

*State v. Gonzalez*,
855 S.W.2d 692 (Tex. Crim. App. 1993).............................................................9

*State v. Herndon*,
215 S.W.3d 901 (Tex. Crim. App. 2007).............................................................9

*State v. Thomas*,
428 S.W.3d 99 (Tex. Crim. App. 2014)...........................................................9, 10

**STATUTES**

TEX. GOV'T CODE ANN. § 411.081(d)............................................. 5, 6, 8, 11, 12, 13

TEX. GOV'T CODE ANN. § 411.081(d)(1).............................................................10

TEX. GOV'T CODE ANN. § 411.081(d)(1)-(3)........................................................7

TEX. GOV'T CODE ANN. § 411.081(e)...................................................... 5, 7, 11, 12

TEX. PENAL CODE ANN. § 31.03.........................................................................1

## RULES

TEX. R. APP. P. 9.4(g)......................................................................................... i

TEX. R. APP. P. 9.4(i).........................................................................................16

TEX. R. APP. P. 21.3 ...........................................................................................9

TEX. R. APP. P. 38.2(a)(1)(A)............................................................................ i

TEX. R. APP. P. 39.1.......................................................................................... i

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

In cause number 1884399, the State charged appellant by information with the Class B misdemeanor offense of theft of property valued at more than $50.00 but less than $500.00. (CR – 6);[1] *see generally* TEX. PENAL CODE ANN. § 31.03. On April 30, 2013, appellant pled guilty to the offense as charged, pursuant to appellant's and the State's plea-bargain agreement. (CR – 13-20). The trial court agreed to follow the plea-bargain agreement and accepted appellant's guilty plea, but deferred a finding of guilt and ordered that appellant be placed on deferred adjudication community supervision for a term of six months. (CR – 13-20). On September 23, 2013, the State filed a Motion to Adjudicate Guilt in appellant's case, alleging that appellant violated various conditions of her community supervision. (CR – 21-22). The trial court denied the State's adjudication motion on October 17, 2013. (CR – 25). Then, on November 4, 2013, after the expiration of appellant's term of deferred adjudication community supervision, the trial court discharged appellant from community supervision and ordered that the proceedings against appellant be dismissed. (CR – 26).

---

[1] The Clerk's Record consists of one volume, hereinafter referenced as (CR – [page number]). The Reporter's Record also consists of one volume, which will be referenced as (RR – [page number]). Citations to appellant's brief will be referenced as (AB – [page number]).

On January 5, 2015, appellant filed a Petition for Nondisclosure of Criminal History Record Information with the trial court. (CR – 30-32). On February 23, 2015, after a hearing on the merits of appellant's petition, the trial court denied the petition and signed a written order to that effect. (CR – 33); (RR – 9-11). Appellant timely filed written notice of appeal on March 16, 2015, to challenge the trial court's ruling to deny appellant's petition for an order of nondisclosure. (CR – 39).

————————◆————————

## STATEMENT OF FACTS

On March 15, 2013, a Houston Police Officer arrested appellant for the Class B misdemeanor offense of theft of property from Sears department store valued at more than $50.00 but less than $500.00, namely, one dress and four pairs of tights. (CR – 6, 13). Appellant pled guilty to the offense as charged, on April 30, 2013, whereupon the trial court ordered that appellant be placed on deferred adjudication community supervision for a term of six months. (CR – 13-20). On November 4, 2013, the trial court discharged appellant from community supervision and ordered that the proceedings against appellant be dismissed, after appellant's term of deferred adjudication community supervision had expired. (CR – 26).

2

On January 5, 2015, appellant filed with the trial court a petition for an order of nondisclosure related to appellant's theft offense. (CR – 30-32). Appellant was then arrested for the offense of driving while intoxicated (DWI), on January 14, 2015. (RR – 10). On February 23, 2015, after an evidentiary hearing, the trial court denied appellant's petition for an order of nondisclosure for the criminal history record information regarding appellant's theft. (CR – 33); (RR – 9-11).

————————◆————————

## SUMMARY OF THE ARGUMENT

The trial judge acted within her discretion when she denied appellant's petition for an order of nondisclosure upon concluding that the issuance of such an order would not be in the best interest of justice.

————————◆————————

## REPLY TO APPELLANT'S SOLE POINT OF ERROR

Appellant contends in her only point of error that the trial court abused its discretion in denying appellant's petition for an order of nondisclosure because "[a]ppellant testified that she met all of the conditions" necessary for the issuance of a nondisclosure order. (AB – 7).

# I. *Standard of Review and Applicable Law Regarding a Petition for an Order of Nondisclosure of Criminal History Record Information*

Texas Government Code Sections 411.081(d) and 411.081(e) provide the following, in pertinent part, regarding a person's ability to request and receive from the trial court an order of nondisclosure of the person's criminal history record information:

> (d) Notwithstanding any other provision of this subchapter, if a person is placed on deferred adjudication community supervision under Section 5, Article 42.12, Code of Criminal Procedure, subsequently receives a discharge and dismissal under Section 5(c), Article 42.12, and satisfies the requirements of Subsection (e), the person may petition the court that placed the defendant on deferred adjudication for an order of nondisclosure under this subsection.
>
> ...
>
> After notice to the state, an opportunity for a hearing, and a determination that the person is entitled to file the petition and issuance of the order is in the best interest of justice, the court shall issue an order prohibiting criminal justice agencies from disclosing to the public criminal history record information related to the offense giving rise to the deferred adjudication.
>
> ...
>
> A person may petition the court that placed the person on deferred adjudication for an order of nondisclosure only on or after:
>
> (1) the discharge and dismissal, if the offense for which the person was placed on deferred adjudication was a misdemeanor other than a misdemeanor described by Subdivision (2);
>
> (2) the second anniversary of the discharge and dismissal, if the offense for which the person was placed on deferred

4

adjudication was a misdemeanor under Chapter 20, 21, 22, 25, 42, or 46, Penal Code; or

(3) the fifth anniversary of the discharge and dismissal, if the offense for which the person was placed on deferred adjudication was a felony.

(e) A person is entitled to petition the court under Subsection (d) only if during the period of the deferred adjudication community supervision for which the order of nondisclosure is requested and during the applicable period described by Subsection (d)(1), (2), or (3), as appropriate, the person is not convicted of or placed on deferred adjudication community supervision under Section 5, Article 42.12, Code of Criminal Procedure, for any offense other than an offense under the Transportation Code punishable by fine only. A person is not entitled to petition the court under Subsection (d) if the person was placed on the deferred adjudication community supervision for or has been previously convicted or placed on any other deferred adjudication for:

(1) an offense requiring registration as a sex offender under Chapter 62, Code of Criminal Procedure;

(2) an offense under Section 20.04, Penal Code, regardless of whether the offense is a reportable conviction or adjudication for purposes of Chapter 62, Code of Criminal Procedure;

(3) an offense under Section 19.02, 19.03, 22.04, 22.041, 25.07, 25.072, or 42.072, Penal Code; or

(4) any other offense involving family violence, as defined by Section 71.004, Family Code. TEX. GOV'T CODE ANN. § 411.081(d); TEX. GOV'T CODE ANN. § 411.081(e).

A trial court's decision to deny a person's petition for an order of nondisclosure is reviewed on appeal for an abuse of discretion. *See Jackson v. State*, No. 14-13-00747-CV, 2014 WL 6085593, at \*2 (Tex. App.—Houston [14th Dist.] Nov. 13, 2014, no pet.) (mem. op., not designated for publication)

(concluding that the trial court did not abuse its discretion in denying Jackson's petition for an order of nondisclosure). A reviewing court should not find that a trial court abused its discretion unless it is clear that the trial court's ruling was arbitrary or unreasonable, or that the trial court acted without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

## II. *The Trial Court Acted Within its Discretion in Denying Appellant's Petition for Nondisclosure*

The above-cited portions of Texas Government Code Section 411.081 establish that, before a trial court must issue an order of nondisclosure, four requirements must be met. First, the person petitioning the trial court for an order of nondisclosure must provide the State with notice of the person's petition. TEX. GOV'T CODE ANN. § 411.081(d). Second, the trial court must afford the parties an opportunity for a hearing regarding the person's petition. *Id*.

Third, the petitioner must be statutorily entitled to file a petition for nondisclosure with the court. TEX. GOV'T CODE ANN. § 411.081(d). That is, the petitioner must not be disqualified from filing the petition because of the time constraints imposed by Section 411.081(d)(1)-(3), or because of Section 411.081(e), which prevents a person from petitioning the court for an order of nondisclosure when: (i) the person is convicted of or placed on deferred adjudication community supervision for any offense other than an offense under

6

Transportation Code punishable by a fine only, or (ii) the person was placed on deferred adjudication community supervision for or has been previously convicted or placed on any other deferred adjudication for:  (1) an offense requiring registration as a sex offender under Chapter 62 of the Code of Criminal Procedure; (2) an offense under Section 20.04 of the Penal Code [aggravated kidnapping], regardless of whether the offense is a reportable conviction or adjudication for purposes of Chapter 62 of the Code of Criminal Procedure; (3) an offense under Penal Code Sections 19.02 [murder], 19.03 [capital murder], 22.04 [injury to a child, elderly individual, or disabled individual], 22.041 [abandoning or endangering a child], 25.07 [violation of certain court orders or conditions of bond in  family violence, sexual assault or abuse, or stalking case], 25.072 [repeated violation of certain court orders or conditions of bond in a family violence case], or 42.072 [stalking]; or (4) any other offense involving family violence, as defined by Family Code Section 71.004.  *See* TEX. GOV'T CODE ANN. § 411.081(d)(1)-(3) (stating that a person may not file a petition for nondisclosure outside of the enumerated timeframes); TEX. GOV'T CODE ANN. § 411.081(e) (disqualifying a person from petitioning for nondisclosure because of the person's criminal conviction or deferred adjudication during the relevant time frame for filing the petition, because of the nature of the underlying offense to be nondisclosed, or

7

because the person has been previously convicted or placed on deferred adjudication community supervision for one of the listed penal code offenses).

And fourth, the trial court must determine that it is in the best interest of justice to issue the requested order of nondisclosure. *See* TEX. GOV'T CODE ANN. § 411.081(d) (requiring that a trial court issue a nondisclosure order only *"[a]fter...a determination that...issuance of the order is in the best interest of justice*[.]") (emphasis added).

The first of these three requirements are procedural and objective in nature, and do not permit the trial court to exercise any discretion—either the person properly notified the State, was given the opportunity for a hearing, and is lawfully eligible to file a petition for nondisclosure, or she is not. The last requirement, however, is subjective and calls upon the trial court to exercise its discretion to determine whether issuance of the nondisclosure order would be in the best interest of justice after the court assesses the particular facts and circumstances of the petitioner's situation. *See* TEX. GOV'T CODE ANN. § 411.081(d) (stating that a trial court shall issue a nondisclosure order only *"[a]fter...a determination that...issuance of the order is in the best interest of justice*[.]") (emphasis added). Thus, even when a person is statutorily eligible to petition the trial court for an order of nondisclosure because none of the disqualifications contained in Sections 411.081(d) and 411.081(e) are applicable to that person, the trial court may still

8

rightly refuse to issue the requested nondisclosure order if the court determines that entering the order would not be in the best interest of justice. *Id.*

While there do not appear to be any cases which discuss the scope of a trial court's discretion to refuse to issue a nondisclosure order after concluding that it would not be in the best interest of justice to do so, jurisprudence concerning the similar situation of when a trial court may grant a motion for new trial "in the interest of justice" may be useful. Texas Rule of Appellant Procedure 21.3 enumerates eight specific grounds for granting the defendant a new trial. TEX. R. APP. P. 21.3. In addition to these grounds, there is a long history of Texas trial courts exercising their discretion to grant new trials "in the interest of justice." *See State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014) (recognizing that "[f]or more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice.") (quoting *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993)). The Texas Court of Criminal Appeals reiterated in *Thomas*, though, that a trial court's discretion to grant a motion for new trial "'in the interest of justice' is not 'unbounded or unfettered'"; "[i]nstead, 'justice' means 'in accordance with the law.'" *Thomas*, 428 S.W.3d at 104-05 (quoting *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007)). Hence, while a trial court is not restricted to the specific statutory grounds for granting a motion for new trial enumerated in Rule 21.3, a trial court may grant a

9

new trial in the interest of justice only when it has a valid legal basis to do so. *Thomas*, 428 S.W.3d at 105.

Applied to the field of nondisclosure orders, this law instructs that a trial court may refuse to issue a requested order of nondisclosure because the petitioner is ineligible to petition the court for the order for any of the statutory reasons provided in Sections 411.081(d) and 411.081(e), or because the court has a valid legal basis—as opposed to an arbitrary and inarticulate reason, such as the way that the petitioner dresses—to conclude that it would not be in the best interest of justice to do so. *Cf. Thomas*, 428 S.W.3d at 104-06. Such a valid legal basis could certainly be that, at the time of the hearing on the merits of a person's petition for an order of nondisclosure, the person was under formal accusation of an additional criminal offense.

In this case, appellant was authorized to file her petition for an order of nondisclosure at any time on or after November 4, 2013, the date that the trial discharged appellant from deferred adjudication community supervision for appellant's underlying theft offense—a Class B misdemeanor under Texas Penal Code Chapter 31—and dismissed those proceedings against her. (CR – 26); *see* TEX. GOV'T CODE ANN. § 411.081(d)(1) (permitting a person file a petition for an order of nondisclosure "on or after...the discharge and dismissal [of the person's deferred adjudication], if the offense for which the person was placed on deferred

10

adjudication was a misdemeanor other than a misdemeanor [under Texas Penal Code Chapters 20, 21, 22, 25, 42, or 46.]").  The record also demonstrates that appellant properly notified the State of appellant's petition for an order of nondisclosure, and that the trial court held a hearing regarding the merits of appellant's petition.  (CR – 32); (RR – 3-11); *see* TEX. GOV'T CODE ANN. § 411.081(d) (requiring "notice to the state[] [and] an opportunity for a hearing" before a trial court must issue an order of nondisclosure).  Further, there is no evidence in the record that appellant was convicted of or placed on deferred adjudication for any offense other than a Transportation Code offense punishable by fine only during appellant's term of deferred adjudication community supervision for the theft, or that appellant was previously convicted or placed on deferred adjudication for any of the specified criminal offenses listed in Section 411.081(e)(1)-(4).  *See* TEX. GOV'T CODE ANN. § 411.081(e).  Thus, appellant was eligible to file her petition for an order of nondisclosure because none of the statutory timing and procedural disqualifications in Section 411.081(d), or the offense-related disqualifications of Section 411.081(e), were applicable to her.

Appellant's arrest and charge for DWI after she filed her petition for an order of nondisclosure did not statutorily disqualify her from petitioning the trial court for that relief, per Section 411.081(e), because appellant did not commit the DWI during her term of deferred adjudication for the underlying theft, and because

11

theft is not one of the disqualifying crimes enumerated in Section 411.081(e)(1)-(4). *See* TEX. GOV'T CODE ANN. § 411.081(e); *see also Harris v. State*, 402 S.W.3d 758, 765-66 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (determining that Harris's subsequent deferred adjudication, which occurred outside of the pertinent timeframe of Section 411.081(d), did not preclude her from petitioning for an order of nondisclosure for the offense underlying Harris's first deferred adjudication). However, despite that appellant was statutorily eligible for an order of nondisclosure, the trial court retained discretion, per Section 411.081(d), to deny appellant's petition if the court nonetheless determined, based on the particular facts and circumstances of appellant's situation, that it would not be in the best interest of justice to issue the nondisclosure order. *See* TEX. GOV'T CODE ANN. § 411.081(d) (requiring the trial court to determine that "issuance of the [nondisclosure] order is in the best interest of justice," in addition to finding that appellant met the other procedural requirements, before the court was obligated to issue the nondisclosure order).

Although the trial court did not submit findings of fact and conclusions of law in support of its ruling to deny appellant's petition for an order of nondisclosure, this Court may infer from the transcript of the hearing on the merits of appellant's petition that the trial court concluded that it would not be in the best interest of justice to issue an order of nondisclosure because of appellant's then-

12

pending charge for DWI—which appellant committed on January 14, 2015, only nine days after filing her petition for nondisclosure. *See* (RR – 9-10); *see also Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010) (explaining that when a trial court fails to make explicit findings of fact, reviewing courts will infer any fact findings which are necessary to support the trial judge's ruling so long as such inferences are supported by the record). The trial court's determination in this regard was based on a valid legal reason—appellant's recidivism—and, thus, was an appropriate exercise of the trial court's discretion.

Appellant asserts that, given the language of Section 411.081(e) and the outcome of *Harris v. State*, 402 S.W.3d 758 (Tex. App.—Houston [1st Dist.] 2012, no pet.), "[t]he standard for ineligibility is a conviction or a deferred adjudication for a subsequent offense" and, so, appellant's pending DWI could not be viable basis for the trial court to deny appellant's petition for an order of nondisclosure. (AB – 10-11). Appellant's argument fails, though, because it overlooks the facts that the issues of whether appellant is statutorily eligible for an order of nondisclosure, and whether the issuance of such an order would be in the best interest of justice, are two distinct inquiries, and that this Court acknowledged as much in *Harris*. *See* TEX. GOV'T CODE ANN. § 411.081(d) ("After notice to the state, an opportunity for a hearing, and a determination that the person is entitled to file the petition *and* issuance of the order is in the best interest of justice, the court

13

shall issue an order [of nondisclosure]...."); *Harris*, 402 S.W.3d at 765-66 (concluding that Harris's subsequent deferred adjudication, which occurred outside of the pertinent timeframe of Section 411.081(d), did not preclude her from petitioning for an order of nondisclosure for the offense underlying Harris's first deferred adjudication, but remanding the case to the trial court to specifically consider whether it would be in the best interest of justice to issue a nondisclosure order because of Harris's second deferred adjudication, even though Harris was otherwise statutorily eligible for the order; hence, recognizing that statutory eligibility and the best interests of justice are separate considerations).

The trial court had a valid legal reason to conclude that it would not be in the best interest of justice to issue appellant's requested order of nondisclosure, despite that appellant was otherwise statutorily eligible for such an order. Accordingly, the trial court did not abuse its discretion in denying appellant's petition for an order of nondisclosure, and this Court should overrule appellant's sole point of error.

————————◆————————

## CONCLUSION AND PRAYER

For the foregoing reasons, the State respectfully submits that the trial court properly denied appellant's petition for an order of nondisclosure upon concluding that it would not be in the best interest of justice to enter the order. Thus, the State

14

respectfully prays that this Court will overrule appellant's only point of error and will affirm the trial court's ruling to deny appellant's petition for an order of nondisclosure.

Respectfully submitted,

**DEVON ANDERSON**
District Attorney
Harris County, Texas

*/s/ Melissa Hervey*

**MELISSA P. HERVEY**
Assistant District Attorney
Harris County, Texas
State Bar Number: 24053741
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone (713) 755-5826
Fax Number (713) 755-5809
Hervey_Melissa@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), the undersigned attorney certifies that there are 3,076 words in the foregoing computer-generated document, based upon the representation provided by Microsoft Word, the word processing program that was used to create the document, and excluding the portions of the document exempted by Rule 9.4(i)(1).

/S/ *Melissa Hervey*

**MELISSA P. HERVEY**
Assistant District Attorney
Harris County, Texas
State Bar Number: 24053741
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone (713) 755-5826
Fax Number (713) 755-5809
Hervey_Melissa@dao.hctx.net

# CERTIFICATE OF SERVICE

This is to certify that the undersigned counsel has directed the e-filing system eFile.TXCourts.gov to serve a true and correct copy of the foregoing document upon Ashton Christopher Adair, appellant's attorney of record on appeal, on July 24, 2015, at the following e-mail address, through the electronic service system provided by eFile.TXCourts.gov:

ash@houstontxlawyer.com

/s/ *Melissa Hervey*

**MELISSA P. HERVEY**
Assistant District Attorney
Harris County, Texas
State Bar Number: 24053741
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone (713) 755-5826
Fax Number (713) 755-5809
Hervey_Melissa@dao.hctx.net