**AFFIRM; and Opinion Filed June 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-15-01091-CR

_____

**MICHAEL TORRELL TILLMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1200218-V**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Fillmore

Michael Torrell Tillman challenges his conviction for continuous sexual abuse of a child under the age of fourteen arguing, in three issues, that the trial court erred by admitting the testimony of the outcry witness under inapplicable legal authority, his constitutional and statutory rights were violated by the prosecutor's improper jury arguments, and his sentence of forty-seven years' imprisonment is a grossly disproportionate punishment. We affirm the trial court's judgment.

### Background

Because Tillman has not asserted the evidence is insufficient to support his conviction, we will recount the evidence and trial proceedings only where necessary to address his issues and to provide background for this appeal.

The complainant, B.C., testified that Tillman, who was in a romantic relationship with B.C.'s mother, began sexually abusing her when she was twelve years old. The abuse occurred on more than one occasion and involved Tillman touching and penetrating B.C.'s vagina and mouth with his penis and contacting B.C.'s vagina with his mouth. B.C. became pregnant when she was thirteen years old and had an abortion. A comparison of the DNA of the fetal tissue with Tillman's DNA established, with a probability greater than 99.99%, that Tillman was the biological father. A jury convicted Tillman of continuous sexual abuse of a child under the age of fourteen and sentenced him to forty-seven years' imprisonment.

## Outcry Witness

In his first issue, Tillman contends the trial court "not only committed reversible error, but also *per se* abused its discretion by admitting the testimony of the outcry witness expressly under the application of inapplicable legal authority."

The State called B.C.'s mother as a witness. After an off-the-record discussion with counsel, the trial court excused the jury, confirmed Tillman's counsel had received a "notice of outcry" for B.C.'s mother, and stated they were "outside the presence of the jury having an outcry hearing." B.C.'s mother then testified about when B.C. disclosed Tillman's abuse to her and what B.C. told her about the abuse. At the conclusion of the testimony, Tillman's counsel stated he had "no objection as to her testifying as the outcry witness." The trial court then stated it was "of the opinion that the testimony is admissible under 38.071 because the witness is over the age of 18 and was the first that the child told about this conduct." Tillman argues the trial court erred by determining article 38.071 of the code of criminal procedure allowed B.C.'s mother to testify about her conversation with B.C. because that statute "'applies only to a hearing or proceeding in which the court determines that a child younger than 13 years of age would be unavailable to testify in the presence of the defendant about' a crime contained in a list of certain

enumerated offenses," citing TEX. CODE CRIM. PROC. ANN. art. 38.071 (West Supp. 2015),[1] and would not "justify the admission of the testimony" of B.C.'s mother.

Generally, to preserve a complaint for appellate review, a party must make a timely objection that states the specific ground of objection, if the specific ground was not apparent from the context. *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016); *see also* TEX. R. APP. P. 33.1(a)(1)(A). "The purpose for requiring a timely, specific objection is twofold: (1) it informs the judge of the basis of the objection and affords him an opportunity to rule on it, and (2) it affords opposing counsel an opportunity to respond to the complaint." *Douds*, 472 S.W.3d at 674. For an objection to be specific, the party need only "let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Id.* (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). In resolving questions of preservation of error, we may not consider the party's arguments in isolation, but must look to the context of the entire record. *Id.*

The "outcry statute," contained in article 38.072 of the code of criminal procedure, "creates a hearsay exception for a child-complainant's out-of-court 'statements' that 'describe the alleged offense,' so long as those statements were made 'to the first [adult] person . . . to whom the child . . . made a statement about the offense." *Bays v. State*, 396 S.W.3d 580, 585 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(1)–(3) (West Supp. 2015)). At the conclusion of the outcry hearing in this case, the trial court determined B.C.'s mother met the statutory requirements, and Tillman's counsel stated he had no objection to her testifying as the outcry witness. The trial court also stated B.C.'s mother's testimony was

---

[1] Article 38.071 of the code of criminal procedure relates to the admissibility of the testimony of a child who is the victim of an enumerated offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.071.

admissible under article 38.071 of the code of criminal procedure. Tillman, however, did not object to the trial court's statement that the testimony was admissible under article 38.071. Accordingly, Tillman has failed to preserve for our review whether B.C.'s mother's testimony was properly admitted under either article 38.071 or article 38.072 of the code of criminal procedure. We resolve Tillman's first issue against him.

### Improper Jury Argument

In his second issue, Tillman asserts his constitutional and statutory rights were violated by the prosecutor's improper jury arguments during the guilt and punishment phases of the trial. Generally to preserve error from an improper jury argument, a defendant should: (1) contemporaneously object to the statement, (2) request an instruction that the jury disregard the statement if the objection is sustained, and (3) move for a mistrial if the request for an instruction is granted. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Cooks v. State*, 844 S.W.2d 697, 727–28 (Tex. Crim. App. 1992). A defendant forfeits his right to complain on appeal about an improper jury argument if he fails to object to the argument or fails to pursue his objection to an adverse ruling. *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004). The "essential requirement to ensure preservation is a timely, specific request that is refused by the trial court." *Cruz*, 225 S.W.3d at 548; *see also* TEX. R. APP. P. 33.1(a). Tillman did not object to the allegedly improper arguments and, therefore, has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a); *Threadgill*, 146 S.W.3d at 670; *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (right to be free from incurable jury arguments may be waived by "a failure to insist upon it").[2] We resolve Tillman's second issue against him.

---

[2] *See also Brown v. State*, No. AP-77,019, 2015 WL 5453765, at *14 (Tex. Crim. App. Sept. 16, 2015) (not designated for publication) ("Because appellant failed to object to this portion of the prosecutor's argument, he has forfeited his right to complain about it on appeal.").

**Grossly Disproportionate Punishment**

In his third issue, Tillman asserts his sentence is a grossly disproportionate punishment, in violation of the Eighth Amendment to the United States Constitution, because his only prior conviction was for a misdemeanor offense and the record reflects that he had serious and prolonged "intellectual disabilities." Tillman preserved this issue by filing, and presenting to the trial court, a motion for new trial as to punishment on the ground that his sentence constituted a grossly disproportionate punishment. *Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.) (motion for new trial is appropriate way to preserve disproportionality claim for appellate review); *see also* TEX. R. APP. P. 21.6 (requiring motion for new trial be presented to trial court within ten days of filing). The trial court did not hold a hearing on the motion for new trial, and it was deemed overruled by operation of law. *See* TEX. R. APP. P. 21.8(c).

We review the trial court's decision on a motion for new trial for abuse of discretion. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014). In conducting our review, we view the evidence in the light most favorable to the trial court's ruling, defer to the court's credibility determinations, and presume all reasonable fact findings in support of the ruling have been made. *Id.* at 104. The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* at 103. Conversely, a trial court generally does not abuse its discretion in granting a motion for new trial if the defendant: (1) articulates a valid legal claim in his motion for new trial; (2) produces evidence or points to evidence in the trial record that substantiates his legal claim; and (3) shows prejudice to his substantial rights under the standards set out in rule of appellate procedure 44.2. *State v. Simpson*, No. PD-0599-15, 2016 WL 1697662, at *3 (Tex. Crim. App. Apr. 27, 2016).

An allegation of disproportionate punishment is a valid legal claim. *Id.* at *4. The concept of proportionality is embodied in the Eighth Amendment to the United States Constitution's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense. *Id.*; *see also* U.S. CONST. amend. VIII; *Graham v. Florida*, 560 U.S. 48, 59 (2010). This "narrow principle" forbids only extreme sentences that are "grossly disproportionate" to the crime and does not require strict proportionality between the crime and the sentence. *Simpson*, 2016 WL 1697662, at *4 (citing *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality op.); *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). A sentence is grossly disproportionate to the crime "only in the exceedingly rare or extreme case." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual. *Id.*; *Ex parte Chavez*, 213 S.W.3d 320, 323–34 (Tex. Crim. App. 2006).

In considering a claim of grossly disproportionate punishment, we first compare the gravity of the offense with the severity of the sentence. *Simpson*, 2016 WL 1697662, at *4; *see also McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992)). In doing so, we must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *Simpson*, 2016 WL 1697662, at *4 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010); *McGruder*, 954 F.2d at 316)). In the "rare case" in which this threshold comparison leads to an inference that the sentence was grossly disproportionate to the offense, we then compare the defendant's sentence to sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *Id.* (citing *Graham*, 560 U.S. at 60). "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.* (citing *Graham*, 560 U.S. at 60).

The evidence at the punishment hearing, viewed in the light most favorable to the trial court's deemed denial of Tillman's motion for new trial, established that Tillman repeatedly sexually abused B.C. beginning when she was twelve years old. B.C. became pregnant when she was thirteen years old and had an abortion. A comparison of Tillman's DNA to the DNA in the fetal tissue established that Tillman was the biological father. After he was arrested, Tillman wrote a number of letters to B.C.'s mother, accusing B.C. of being promiscuous and lying about him sexually abusing her and asking B.C.'s mother to drop the charges against him. After the DNA analysis was completed, Tillman admitted to B.C.'s mother that he had sexual intercourse with B.C., but claimed B.C. initiated the sexual contact. The letters not only reflected Tillman's attempts to deceive and manipulate B.C.'s mother, but demonstrated he had the intellectual capacity to understand the charges against him and the conduct that led to those charges. Finally, Tillman's sentence fell well within the statutory range of twenty-five to ninety-nine years or life imprisonment. On this record, we cannot conclude this is the "rare case" that leads to an inference Tillman's sentence was grossly disproportionate to the offense. "Accordingly, there is no reason to compare his sentence to sentences imposed on others[.]" *Id.* (citing *Graham*, 560 U.S. at 60; *McGruder*, 954 F.2d at 316). We resolve Tillman's third issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
Tex. R. App. P. 47

151091F.U05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL TORRELL TILLMAN,
Appellant

No. 05-15-01091-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. F-1200218-V.
Opinion delivered by Justice Fillmore,
Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of June, 2016.