

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0121-13

---

### THE STATE OF TEXAS

### v.

### JEREMY THOMAS, Appellee

---

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

---

**KELLER, P.J., delivered the opinion of the unanimous Court.**

The question in this case is whether a new trial may be granted in the interest of justice upon a claim that defense counsel failed to call an exculpatory witness who was known to him and available at trial, if the claim is not based on ineffective assistance of counsel. We hold that it may not. We therefore affirm the judgment of the court of appeals.[1]

### I. BACKGROUND

### A. Trial

---

[1] *State v. Thomas*, 2012 Tex. App. LEXIS 10519 (Tex. App. Houston [1st Dist.] Dec. 20, 2012).

Vernon Keith Moses was shot and killed in an apartment complex in Houston. Multiple witnesses gave statements to police; some of the witnesses testified at trial. Among those who testified was appellee's girlfriend, Ciarra Vallery. Ciarra stated that her sister, Shelita, was at the apartment complex on the night in question and told Ciarra about the shooting, though Shelita said she "didn't see too much of it." During a bench conference after Ciarra's testimony, the prosecutor asked defense counsel, "Are you going to put on [Shelita]?" Defense counsel responded, "No." Although Shelita did not testify at trial, she had given the police a statement, which appellee reviewed before giving his own statement to the police. Shelita's statement was made known and available to defense counsel months before the trial.[2] A jury convicted appellee of murdering Moses, and the trial court assessed punishment at confinement for life.[3]

Appellee filed a motion for a new trial.[4] He urged that it be granted "in the interest of justice"

---

[2] *Id.* n. 2.

[3] *Id.* at *3.

[4] Tex. R. App. P. 21.3:
> The defendant must be granted a new trial, or a new trial on punishment, for any of the following reasons:
> (a) except in a misdemeanor case in which the maximum possible punishment is a fine, when the defendant has been unlawfully tried in absentia or has been denied counsel;
> (b) when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights;
> (c) when the verdict has been decided by lot or in any manner other than a fair expression of the jurors' opinion;
> (d) when a juror has been bribed to convict or has been guilty of any other corrupt conduct;
> (e) when a material defense witness has been kept from court by force, threats, or fraud, or when evidence tending to establish the defendant's innocence has been intentionally destroyed or withheld, thus preventing its production at trial;
> (f) when, after retiring to deliberate, the jury has received other evidence; when a juror has talked with anyone about the case; or when a juror became so

because there was compelling evidence that was not presented at trial.[5] With the motion for new trial, appellee included an affidavit from Shelita, wherein she claimed that she saw Carnell Meredith, not appellee, shoot Moses.[6]

Shelita was not present at the hearing on the motion for new trial, but defense counsel from trial was sworn in and took the witness stand. The State offered, and the trial court admitted into evidence, the statement that Shelita gave to the police. The trial court noted that Shelita's statement to the police and the affidavit accompanying the motion for a new trial were essentially the same.[7] Appellate counsel stated that they were not pursuing a claim of ineffective assistance of counsel for failing to call Shelita, nor any other ground listed in the statute.[8] When the State attempted to ask

---

intoxicated that his or her vote was probably influenced as a result;
(g) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial; or
(h) when the verdict is contrary to the law and the evidence.

[5] *Thomas*, 2012 Tex. App. LEXIS 10519, at *3.

[6] *Id.*; Meredith pled guilty to the murder of Moses and received a ten-year sentence. Evidence of this was presented to the jury before its verdict.

[7] *Thomas*, 2012 Tex. App. LEXIS 10519, at *3.

[8] At the hearing on the motion, the following exchange occurred:

THE COURT: You've given me 21.3 but you haven't said whether [the ground you are basing this motion on is] A, B, C, D.

MS. WOOD: It should list the grounds for a Motion For New Trial, and it's Texas Rule of Appellate Procedure 21.3.

THE COURT: That's what I'm looking at. Is it A, B, C, D?

MS. WOOD: Oh, you're asking which ground we're going under?

THE COURT: Yes.

trial counsel, who testified at the motion for new trial, whether he had a strategy for not calling

Shelita as a witness, appellate counsel objected and asserted attorney-client privilege.[9]

Nevertheless, the trial court granted the new trial, stating in the order:

First, I do believe that testimony of [Shelita] could have made a difference in the outcome of the trial during guilt/innocence phase and if not during the guilt/innocence phase, certainly during the punishment phase. I'm the one that assessed punishment. I was not privy to this information.

Secondly, immediately upon sentencing and leaving the bench, I seriously questioned whether or not and still believe that my punishment in this case was excessive given the facts and circumstances or given the evidence that I heard from the witness stand and the questions that remain.

I understand the jury returned a verdict of guilty of murder against this defendant. However, if I'm to assess punishment, I must consider all the facts and circumstances. All facts and circumstances and the evidence as I saw it.

I believe there was a question as to the actual gunman. I believe there could have been another gunman, and I believe that the sentence I assessed was excessive.[10]

### B. Court of Appeals Decision

The State appealed, contending that there was no legal basis for a new trial or a new

---

MS. WOOD: Okay. Well, those grounds are not exclusive. If you–if you notice for instance, ineffective assistance is not one of those grounds. It's commonly known that the rule does not provide exclusive grounds. And when the trial court chooses to grant a new trial based on some other reason, that's called in the interest of justice.

[9] *Thomas*, 2012 Tex. App. LEXIS 10519, at *3. Appellate counsel for appellee argued:

[The motion is] not based on newly discovered evidence. It's not based on ineffective assistance of counsel. We have a witness that was not presented at trial that was an eyewitness to the murder that [she] saw someone else do; and in the interest of justice, we ask that the Court either order a new trial or [a] new punishment hearing in light of this woman's testimony.

[10] *Id.* at *3-4.

punishment hearing.[11]  The First Court of Appeals in Houston reversed and remanded, holding that the trial court abused its discretion by granting a new trial, that Thomas did not demonstrate a valid legal reason for granting a new trial "in the interest of justice," and that defense counsel's failure to call Shelita Vallery as a witness justified a new trial on neither guilt nor punishment.[12] Appellee petitioned this Court for review, which we granted to consider whether the court of appeals erred in holding that the trial court abused its discretion by granting a motion for new trial in the interest of justice and, in the alternative, whether the case should be remanded for a new punishment hearing.

## II. ANALYSIS

### A. Standards for granting a new trial

The standard of review when a trial court grants a motion for a new trial is abuse of discretion.[13] The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather, "whether the trial court acted without reference to any guiding rules or principles."[14]  The mere fact that a trial court may decide a matter differently from an appellate court does not demonstrate an abuse of discretion.[15] Appellate courts view the evidence in the light most favorable to the trial court's ruling, defer to the court's credibility determinations, and presume that all reasonable fact findings in support of the ruling have

---

[11]  TEX. CODE CRIM. PROC. art. 44.01(a)(3) (providing State opportunity to appeal order granting new trial in a criminal case).

[12]  *Thomas*, 2012 Tex. App. LEXIS 10519, at *8.

[13]  *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007).

[14]  *Id*. at 907 (quoting *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005)).

[15]  *Id.* at 907-08.

been made.[16] A trial court abuses its discretion if it grants a new trial for a non-legal or a legally invalid reason.[17] The trial court cannot grant a new trial based on mere sympathy, an inarticulate hunch, "or simply because he personally believes that the defendant is innocent or 'received a raw deal.'"[18]

Appellee argues that a trial court does not abuse its discretion when it grants a new trial in the "interest of justice." Noting that the list of grounds for granting a new trial in the Rules of Appellate Procedure is "illustrative, not exclusive," he points to a long history of trial courts exercising their discretion to grant new trials "in the interest of justice."[19]  This argument stems primarily from oft-quoted language in *State v. Gonzales*:

> For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In *Mullins v. State*, the Supreme Court, which at that time had criminal jurisdiction, held: . . . The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.[20]

In *State v. Herndon*, the Court answered the question whether "in the interest of justice" is an independent ground for granting a new trial.[21]  In that case, we affirmed the trial court's grant of a motion for new trial on a ground not specified in the Rules of Appellate Procedure. In *Herndon*,

---

[16] *Charles v. State*, 146 S.W.3d 204, 208 (2004)

[17] *Herndon*, 215 S.W.3d at 907

[18] *Id.*

[19] *Id.*; TEX. R. APP. P. 21.3.

[20] 855 S.W.2d 692, 694 (Tex. Crim. App. 1993) (citations omitted); *See Mullins v. State*, 37 Tex. 337, 339-340 (1873).

[21] 215 S.W.3d 901 (Tex. Crim. App. 2007).

the motion for new trial was based on the court stenographer not recording a portion of the proceedings as required.[22] Though this particular error was not objected to at trial and is not one listed in Rule 21.3, the Court held that "a trial judge may, but need not, grant a motion for new trial on the basis of unpreserved trial error if that error is sufficiently serious that it has affected the defendant's substantial rights.[23]

We held that it was not an abuse of discretion to grant a new trial in *Herndon*, but we also provided guidance for when a trial court is authorized to do so. Though the trial court may grant a motion for new trial on a basis not listed in Rule 21.3, the court cannot grant a new trial "unless the defendant shows that he is entitled to one under the law."[24] The trial court's discretion to grant a motion for new trial "in the interest of justice" is not "unbounded or unfettered."[25] Instead, "justice" means "in accordance with the law."[26] Without a showing that substantial rights were affected, a defendant should not be granted a new trial or else "the phrase 'interest of justice' would have no substantive legal content, but [would] constitute a mere platitude covering a multitude of unreviewable rulings."[27] We said, in summary:

> We need not today set out bright-line rules concerning appellate review of a trial court's discretion in this area, but we do conclude that a trial court would not

---

[22] TEX. R. APP. P. 13.1. The motion was additionally based on a claim of improper argument by the prosecutor, but the merits of that claim were not decided by the Court. *Herndon*, 215 S.W.3d. at 906.

[23] *Herndon*, 215 S.W.3d at 910.

[24] *Id.* at 907 (citing *State v. Hight*, 907 S.W.2d 845, 847 (Tex. Crim. App. 1995));

[25] *Id.*

[26] *Id.*

[27] *Id.*

generally abuse its discretion in granting a motion for new trial if the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure.[28]

Appellee contends that there are numerous instances in which an appellate court has upheld a trial court's decision to grant a new trial. The State responds that, in each of these cases, there was some sort of valid legal basis in each claim, even if there was not a specific ground as enumerated in Rule 21.3. We agree. There must be some legal basis underpinning the grant of a new trial, even if it is granted in the interest of justice. We turn to the determination of whether there is a valid legal claim in this case.

### B. A known, exculpatory, but uncalled witness as a valid legal claim.

*Herndon* made clear that for a trial court to grant a motion for new trial in the interest of justice, the movant must have articulated a valid legal claim.[29] Generally, if there is a "valid legal claim" in a motion for new trial, a court will not abuse its discretion by granting it.[30] Here, appellee claims that the absence of Shelita Vallery's testimony at trial resulted in appellee being "deprived of direct exculpatory evidence that would have worked to show his innocence," and that this is a "valid legal error." The court of appeals held that, because trial counsel was timely made aware of Shelita's statement, Shelita was available to testify but counsel stated at trial he would not call her, and appellate counsel deliberately chose not to raise ineffective assistance of counsel by failing to call Shelita, there was no valid legal claim as a ground for the motion.

---

[28] *Id.* at 909.

[29] *Id*.

[30] *Id.*

At the motion for new trial, on appeal, and again before this Court, appellee has pointed to the Fourteenth Court of Appeals opinion in *State v. Moreno* for the proposition that a claim that available exculpatory evidence was not introduced at trial is a valid legal claim upon which to base a motion for new trial in the interest of justice.[31] The *Moreno* opinion, however, seems to be inconsistent with our *Herndon* opinion in that it is not clear that it requires a valid legal claim to underlie a motion for new trial in the interest of justice. At any rate, because it is a court of appeals opinion, it is not binding on this Court.

Appellee also relies on *Gonzales*, cited above. The motion for new trial in *Gonzales* alleged that a witness favorable to the defense had not testified at sentencing. Appellee contends that, since we upheld the trial court's decision to grant a new trial in that case, the failure to call a witness who could testify favorably to the defense is a valid legal ground for a motion for new trial.[32] *Herndon*, in which we articulated the requirements for granting a motion for new trial in the interest of justice, was decided after *Gonzales*, so *Gonzales* is of limited value. Nevertheless, *Gonzales* would meet the requirements of *Herndon* because the trial court could find from the record in *Gonzales* that the exculpatory witness was not available at trial.[33]

There are certain grounds on which the absence of witnesses at trial can form the basis for granting a new trial. For instance, a new trial can properly be granted if exculpatory evidence is

---

[31] 297 S.W.3d 512 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd).

[32] 855 S.W.2d 692, 695 (Tex. Crim. App. 1993).

[33] *Id.*

known by the State and not disclosed to the defense.[34]  For *Brady* claims, though, and with claims of actual innocence[35] or newly discovered evidence,[36] there must be an allegation of new evidence before a new trial can be granted.  Here, it is uncontroverted that the defense knew at the time of trial about Shelita's statement.

Moreover, if exculpatory evidence is known to defense counsel before the trial, but not introduced at trial, a new trial could be granted on the basis of ineffective assistance of counsel.  When counsel faces an ineffective-assistance claim, the attorney-client privilege is waived, and trial counsel has the  opportunity to explain his actions.[37]   But here, when the State inquired into the possible legal strategy for not calling Shelita, counsel refused to answer, asserting the attorney-client privilege.

Appellee also argues that the court of appeals should have exercised "deference to historical fact" because the trial court "found it credible that [Shelita] witnessed another man–not Jeremy Thomas–commit the murder.  Therefore, the salient historical fact that this Court must embrace is that Jeremy Thomas did not shoot the complainant."  Assuming without deciding that this would be an appropriate constraint on the court's analysis, we turn to the specific claims.  Shelita did not testify.  The findings of fact in this case were based on the trial court's hearing on the motion for a new trial.  Shelita's affidavit was provided with the motion, but no testimony from Shelita nor

---

[34]  *Brady v. Maryland*, 373 U.S. 83 (1963); *Pena v. State*, 353 S.W.3d 797 (Tex. Crim. App. 2011).

[35]  *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996).

[36]  *Keeter v. State*, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002).

[37]  *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

anyone at the hearing was presented relating to the identity of the shooter. As the State pointed out at the hearing on the motion, Shelita was not subject to cross-examination, so the trial court was viewing the affidavit in a vacuum. The State suggested that the reason that defense counsel decided not to call Shelita was that he believed she was not credible, but counsel refused to testify about the reasons for his decision. The State argued that it would be a miscarriage of justice to grant a new trial on the basis of evidence that the defense chose not to introduce, especially when defense counsel immunized himself from testifying about his strategy by explicitly declining to allege ineffective assistance of counsel. We agree. Counsel could have presented a valid legal claim–such as ineffective assistance of counsel–to underlie his motion for new trial in the interest of justice. He did not do so. There was no valid legal claim upon which the trial court could base its grant of a new trial. We overrule appellee's first issue.

### C. New Punishment

The court of appeals held that since the failure of counsel to call Shelita was not a valid basis upon which to base a new trial at guilt, it was necessarily also not a proper ground at punishment.[38] We agree. It is apparent from the trial court's ruling on the motion for new trial that he had second thoughts about the sentence that he imposed upon appellee. Appellee relies on *State v. Stewart* for the proposition that a trial court may grant a new trial if it realizes that the sentence it has given was too high. The court of appeals in *Stewart* did uphold the granting of a new trial on punishment, but it still required that there be a "specific, identifiable, and quantifiable" error.[39] The court of appeals

---

[38] *Thomas*, 2012 WL 6624940 at *8.

[39] *State v. Stewart*, 282 S.W.3d 729, 738 (Tex. App.–Austin 2009, no pet.) (a new trial on punishment can be granted when the trial judge relied on an identifiable misstatement in a presentence investigation report).

in that case said, "We do not hold that a trial judge has the discretion to grant a defendant a new trial merely because the judge has had second thoughts about the punishment he assessed[.]"[40] In the absence of a valid legal claim of any sort to base a new trial on, the court of appeals was correct to reverse the trial court's grant of a new trial on punishment. We overrule Appellee's second issue and affirm.

## IV. Conclusion

A motion for a new trial, whether for guilt or punishment, requires a valid legal claim. The failure of trial counsel to call an exculpatory witness who was available at trial and known to the defense is not, by itself, a valid legal claim.

Having overruled both of appellee's issues, we affirm the judgment of the court of appeals.

Delivered: April 16, 2014
Publish

---

[40] *Id*. at 738.