

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1197-13

### TORY LEVON KIRK, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE ELEVENTH COURT OF APPEALS DALLAS COUNTY

**ALCALA, J., filed a concurring opinion.**

**CONCURRING OPINION**

I join the majority opinion. I write separately to explain why I believe the Court's holding today signals the expansion of the State's avenues for challenging the propriety of an order granting a new trial. Until today, the State's primary avenue for challenging a new-trial order in a criminal matter has been through an interlocutory appeal. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(3). The majority opinion's holding makes clear that the State may also obtain relief from an order granting a new trial through a second avenue—by filing a

motion directly in the trial court in an effort to persuade the trial judge that his ruling was erroneous. And, as explained further below, the State's decision to pursue one avenue over the other may carry with it significant implications for the trial court's authority to rescind or modify its new-trial order going forward in the case.

With respect to the first avenue, the Texas Code of Criminal Procedure provides that the State is authorized to appeal the trial court's order granting a new trial in a criminal matter within twenty days. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(3), (d).[1] This is in contrast to an order granting a new trial in a civil matter, which generally cannot be appealed. *See In re Columbia Med. Ctr. of Las Colinas,* 290 S.W.3d 204, 208 (Tex. 2009) (observing that decisions of the Texas Supreme Court "preclude, for the most part, appellate review of orders granting new trials" in civil cases). Pursuant to the provisions in Article 44.01(a), after the trial court grants a motion for new trial in a criminal case, the State may file an appeal within twenty days. TEX. CODE CRIM. PROC. art. 44.01(d). As a practical consequence, the filing of such an appeal would necessarily limit the trial court's authority to take any subsequent action on its order granting a new trial because (1) the trial court would lose jurisdiction during pendency of the appeal, and (2) after resolution of the merits of the appeal, the trial court would be bound by the appellate court's ruling.

---

[1] In relevant part, Texas Code of Criminal Procedure Article 44.01 provides, "(a) The state is entitled to appeal an order of a court in a criminal case if the order: . . . (3) grants a new trial[.]" TEX. CODE CRIM. PROC. art. 44.01(a)(3). That section further provides that "[t]he prosecuting attorney may not make an appeal [of a new-trial order] later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court." *Id*. art. 44.01(d).

Article 44.01 provides that the State "is entitled to a stay in the proceedings [in the trial court] pending the disposition" of an appeal of a new-trial order. *See* TEX. CODE CRIM. PROC. art. 44.01(e). In light of that provision, once the State seeks to exercise its right to appeal an order granting a new trial, the trial court would be deprived of jurisdiction over the case during the pendency of such an appeal, and the court would be unable to modify or alter its ruling on the new-trial motion during that period. *See id.*; *see also* TEX. R. APP. P. 25.2(g) (providing that, once record has been filed in appellate court, "all further proceedings in the trial court . . . will be suspended until the trial court receives the appellate-court mandate").

Furthermore, it appears that after an appellate court rules on the merits of an appeal by the State, the trial court would be bound to follow the appellate court's ruling as to whether the granting of a new trial was proper because such a ruling would constitute the law of the case. *See, e.g., State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014) (observing that, under law of the case doctrine, appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue; "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution").[2] For example, if a court of appeals were to uphold the trial court's order granting a new trial, then, on remand, the trial court would lack authority to

---

[2]   *See also Satterwhite v. State*, 858 S.W.2d 412, 430 (Tex. Crim. App. 1993) (applying law of the case doctrine in context of ruling on motion to suppress when none of facts surrounding search as analyzed during first appeal had changed); *Ex parte Granger*, 850 S.W.2d 513, 516 (Tex. Crim. App. 1993); *Ex parte Schuessler*, 846 S.W.2d 850, 852 n.7 (Tex. Crim. App. 1993) ("The 'law of the case' doctrine provides that once a question of law in a particular case has been finally resolved, that question will not be reconsidered in subsequent proceedings of the same case.").

disregard the appellate court's ruling as to the validity of that order because that ruling would constitute the law of the case and would be binding on the parties, barring some substantial change in the relevant law or facts. *See Janecka v. State*, 937 S.W.2d 456, 466 (Tex. Crim. App. 1996) (explaining that law of the case doctrine applies unless there are "changes of pertinent law or facts"). In any event, once the State chooses to pursue the avenue of appellate review, that action will have the effect of limiting the trial court's authority to rescind or modify its new-trial order going forward, either as a result of the loss of jurisdiction during the pendency of the appeal or as a result of being bound by the appellate court's subsequent ruling on the merits of the appeal.

As the Court's majority opinion makes clear, in addition to the option of pursuing an interlocutory appeal, the State may opt to seek relief directly in the trial court by requesting that the court reconsider its order granting a new trial. And, as the majority opinion holds today, in the absence of any appeal of a new-trial order by the State, the trial court retains plenary power over the case as it would over any other pending matter, and it may rescind its order at any point during the pendency of the case. Unlike the option of an interlocutory appeal, this avenue is subject to no precise time limit, nor is it subject to the limitations that necessarily flow from the appellate court's exercise of jurisdiction over a case. But this avenue may be subject to other legal limitations ordinarily applicable to criminal cases. For example, after the trial court grants a motion for new trial, the case would proceed in an ordinary fashion and a jury may be selected and sworn. While hearing evidence on retrial,

it is possible that some event could occur that would motivate the trial judge to reconsider his earlier decision to grant a new trial, thereby causing him to rescind the new-trial order and reinstate the original judgment. On appeal, an appellant might then argue that the original judgment could not be reinstated after the point at which jeopardy had attached in the second trial. *See Ex parte Garza*, 337 S.W.3d 903, 914 (Tex. Crim. App. 2011) (discussing that jeopardy attaches prior to point in time when trial court erroneously declares a mistrial after jury has been sworn). In light of these considerations, I conclude that it remains an open question whether, at the point that jeopardy has attached in the retrial, a trial court could rescind its new-trial order and reinstate the original judgment. Because that question is not presented by the facts of this case, the majority opinion correctly reserves judgment as to that matter for another day.

Although I join this Court's majority opinion's holding that a trial court generally has continuing authority to rescind its order granting a new trial, I observe that a trial court must always proceed cautiously when either granting or denying a motion for new trial because there are limitations to the grounds upon which a trial court may properly grant a new trial. Recently, in *State v. Thomas*, this Court reaffirmed the principle that "[t]here must be some legal basis underpinning the grant of a new trial," and a trial court may not grant a new trial for a "non-legal or a legally invalid reason." *See State v. Thomas*, 428 S.W.3d 99, 104, 105, 107 (Tex. Crim. App. 2014) (holding that "motion for a new trial, whether for guilt or punishment, requires a valid legal claim"; a court cannot grant a new trial "unless the

defendant shows that he is entitled to one under the law") (citations omitted); *see also* TEX. R. APP. P. 21.3 (identifying list of grounds upon which trial court "must" grant a new trial). In deciding whether to rescind its new-trial order, I believe that the trial court should determine whether its granting of a new trial was in accordance with the principle that there must be some valid legal basis underpinning that action and, if it was not, then the trial court must rescind its order.

With these comments, I join the majority opinion.

Filed: January 28, 2015

Publish