

# NUMBER 13-18-00091-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ZACHARY RYAN SIMONS,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

**On appeal from the 130th District Court
of Matagorda County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Contreras**

Appellant Zachary Ryan Simons appeals from a judgment of conviction for possession of between one and four grams of methamphetamine, a controlled substance, with intent to deliver, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112 (West, Westlaw through 2017 1st C.S.). By one issue, appellant

argues the trial court erred when it overruled his objection to part of a witness's testimony. We affirm.

## I. BACKGROUND

Appellant was arrested during a traffic stop for an outstanding warrant. In the vehicle, police found methamphetamine, plastic bags of different sizes, and a digital scale. On May 23, 2017, appellant was indicted for possession of a controlled substance with intent to deliver. *See id.* §§ 481.102(6), 481.112. The State also alleged a prior felony conviction for the purpose of enhancing appellant's punishment to that of a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b) (West, Westlaw through 2017 1st C.S.); *see also id.* § 12.32 (West, Westlaw through 2017 1st C.S.) (providing that a first-degree felony is punishable by imprisonment for a term between five to ninety-nine years and a fine not to exceed $10,000). He pleaded not guilty and proceeded to trial.

At trial, appellant admitted that he possessed the controlled substance, but he disputed the "intent to deliver" element. Tyler Miles, a sergeant with the Matagorda County Sheriff's Office, testified for the State. Miles explained that he is assigned to the narcotics task force in Matagorda County and testified about his familiarity with the sale and use of narcotics in the area. As the State questioned Miles on redirect regarding his experience with controlled purchases, the following exchange occurred:

| [State]: | Sergeant Miles, so I don't leave something left open, when you're making those purchases, when you're purchasing the controlled substance and you tell someone that, hey, we want to purchase whatever amount, a gram, eight-ball, whatever it is, when you're undercover what you're saying that you want to purchase, is it your experience then that the person selling that controlled substance to you |

2

|  |  | anticipates that you're going to weigh it to make sure you bought the right amount? |
|---|---|---|
| [Defense Counsel]: | | Objection, calls for speculation. |
| [The Court]: | | Overruled. |
| [Miles]: | | Yes, sir. |
| [State]: | | So would you typically be walking in with digital scales and say I want to weigh that before I buy it? |
| [Miles]: | | I've never taken a scale in and weighed it. They've always—the person selling it weighs it. |
| [State]: | | Okay. That's—maybe I was—maybe I was confusing in my question. My question is: Does the purchaser—is the purchaser, you, expected to be weighing with your scales the amount that the dealer is selling to you? |
| [Miles]: | | No, sir. |

The jury found appellant guilty of the offense as charged, and appellant pleaded true as to the enhancement allegation. The jury found the enhancement allegation to be true, sentenced appellant to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice, and assessed a $5,000 fine. *See id.* §§ 12.32, 12.42(b). This appeal followed.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

We review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002) (citing *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001)); *see Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006). A trial court abuses its discretion if it acts arbitrarily or without reference to guiding rules or principles. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim.

3

App. 2014). We will not reverse the trial court's ruling unless the ruling falls outside the zone of reasonable disagreement. *Torres*, 71 S.W.3d at 760.

If we find error regarding the admissibility of evidence, we will disregard the error as harmless if it was non-constitutional and did not affect appellant's substantial rights. *See* TEX. R. APP. P. 44.2(a), (b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2001). An erroneous evidentiary ruling is generally non-constitutional error. *See Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) (en banc) ("Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights to present a meaningful defense."); *see also Casey v. State*, 215 S.W.3d 870, 884–85 (Tex. Crim. App. 2007); *cf. Jones v. State*, 119 S.W.3d 766, 776–77 (Tex. Crim. App. 2003) (en banc) (noting that the admission of defendant's confession was evidentiary error of constitutional nature because the confession was obtained without *Miranda* warnings in violation of the Fifth Amendment). An appellant's "substantial rights are not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.'" *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)); *see* TEX. R. APP. P. 44.2.

## B. Analysis

Appellant first argues that the trial court erred when it overruled his objection to Sergeant Miles's testimony because the testimony was speculative. The alleged evidentiary error appellant complains of is non-constitutional. *See Jones*, 119 S.W.3d at 776–77; *Potier*, 68 S.W.3d at 663; *see also* TEX. R. APP. P. 44.2. We will assume, without

4

deciding, that the trial court erred in overruling appellant's objection and proceed to analyze whether the alleged error had a substantial and injurious effect in determining the jury's verdict. *See Casey*, 215 S.W.3d at 885.

Here, appellant did not dispute the physical evidence obtained during his arrest, which included a digital scale, plastic bags of different sizes, and methamphetamine, and he admitted to being in possession of the controlled substance; however, appellant disputed the "intent to deliver" element. Setting aside the statement objected to by appellant, the rest of Sergeant Miles's testimony extensively illustrated why the items in appellant's possession were indicative of the "intent to deliver" element. Miles explained, without objection, that methamphetamine is typically sold in plastic bags of different sizes consistent with the ones found on appellant's possession and that drug dealers typically use digital scales to weigh the drugs they sell. Miles testified, in part, as follows:

[State]: Okay. Now, in the preparation of these controlled substances for delivery—I mean, you've talked about different weight measurements. You talked about grams. You talked about quarter ounces. You've talked about eighth of an ounce. How is it then that someone who is preparing these drugs for delivery knows how much that is?

[Sergeant Miles]: Well, typically, when we find the narcotics on somebody who has been distributing them, they have scales that they have with them. They usually—usually digital scales. Sometimes we've found weighted scales, but they measure them before they sell it.

[State]: So they can—so they have digital scales that will measure those amounts and perhaps even convert grams to ounces so they can sell whatever amount is being requested?

[Sergeant Miles]: Yes, sir. Yes, sir.

. . .

5

| [State]: | When you have arrested an end user, who is nothing more than an addict, do you find them with hundreds of Ziploc bags of various sizes that are consistent with the packaging and resale of controlled substances? |
|---|---|
| [Sergeant Miles]: | No, sir. |
| [State]: | Do you find them with digital scales capable of measuring .1 gram or .1 ounce, which is typically used for the packaging and disturbing of the thing they use? |
| [Sergeant Miles]: | No, sir. |

Appellant did not offer evidence or testimony to rebut any of the testimony provided by Miles, and the complained-of statement was largely cumulative of the other evidence presented by the State to show the "intent to deliver" element of the offense. Further, the question appellant objected to—which Miles answered in the affirmative—asked whether a person who purchased drugs would weigh the drugs after the purchase. Miles's answer, arguably, could have casted doubt on whether his possession of a digital scale really indicated an intent to sell. After examining the entire record, we have fair assurance that the statement appellant objected to did not have a substantial and injurious effect or influence the determination of the jury's verdict, and we conclude that any error was harmless. *See* TEX. R. APP. P. 44.2; *Casey*, 215 S.W.3d at 885; *Motilla*, 78 S.W.3d 359–60.

Finally, appellant also argues that Miles's testimony was an improper opinion on an ultimate issue of fact; however, appellant did not object on this ground at the trial court. To preserve an issue for appeal, a party must timely object, stating the specific legal basis. TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 121, 127 (Tex. Crim. App. 1996) (en banc). An objection stating one legal theory may not be used to support a different legal theory on appeal. *Camacho v. State*, 864 S.W.2d 524, 533 (Tex.

6

Crim. App. 1993) (en banc); *see Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) ("[T]he point of error on appeal must comport with the objection made at trial."). Here, appellant objected on the basis that Miles's testimony was speculative, not that it addressed an ultimate issue of fact. Accordingly, we conclude that this argument was not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Camacho*, 864 S.W.2d at 533.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of August, 2018.

7