

# NUMBER 13-24-00039-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**THE STATE OF TEXAS,**                                                                          **Appellant,**

**v.**

**JASON CURTIS LAMBERT,**                                                                        **Appellee.**

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF JACKSON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Justice Longoria**

The State of Texas appeals the trial court's order granting appellee Jason Curtis Lambert's amended motion for new trial. The State argues the trial court abused its discretion in granting the amended motion for new trial. We reverse and remand.

## I. BACKGROUND

By a five-count indictment, a grand jury charged Lambert with sexual assault of a child (Count I), *see* TEX. PENAL CODE ANN. § 22.011(a)(2); aggravated sexual assault of a child (Count II), *see id.* § 22.021(a)(1)(B)(i–v); continuous sexual abuse of a child (Count III), *see id*. § 21.02(c)(2), attempted aggravated sexual assault of a child (Count IV), *see id.* §§ 15.01(a), 22.021; and attempted indecency with a child (Count V). *See id.* §§ 15.01(a), 21.11. During trial, the State abandoned Count V. After the presentation of evidence and closing arguments, the jury found Lambert guilty on Count I, sexual assault of a child, and found him not guilty on Counts II through IV. The trial court sentenced Lambert to two years' imprisonment.

On November 14, 2023, the trial court signed and entered its written judgment for Count I. On November 20, 2023, Lambert filed his original motion for new trial and an amended version on December 11, 2023. In his amended motion for new trial, Lambert alleged, among other things, that the statute of limitations for Count I had expired prior to the filing of the indictment and that the jury charge erroneously instructed the jury that no limitation existed. Lambert requested the trial court to set aside his judgment and sentence and order a new trial, or in the alternative, grant an acquittal and dismiss his case. The State filed responses arguing that the limitations period had not expired prior to the filing of the indictment.

On December 19, 2023, the trial court signed its "Order on [Lambert's] Amended Motion for New Trial."[1]  The order simply stated: "A new trial is granted on Count No. 1 of

---

[1] The record indicates that no hearing was conducted on Lambert's amended motion for new trial.

2

this case," and did not explain the trial court's reasoning. This appeal followed.

## II. Motion for New Trial

In its sole issue, the State argues that the trial court erred in granting Lambert's amended motion for new trial because the Legislature eliminated the limitations period for this offense before the prior limitaitons period had expired. We agree.

### A. Standard of Review & Applicable Law

We review a trial court's decision to grant a motion for new trial for an abuse of discretion. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016). "The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present a suitable case for the trial court's action, but rather, whether the trial court acted without reference to any guiding rules or principles." *Id*. A trial court typically does not abuse its discretion in granting a motion for new trial if the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure. *State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007); *see* TEX. R. APP. P. 44.2.

### B. Discussion

The United States Constitution explicitly provides that "no Bill of Attainder or ex post facto law shall be passed." U.S. CONST. art. I, § 9. On August 14, 2023, Lambert was indicted for committing, among other things, the offense of sexual assault of a child during a period of on or about August 1, 2006 until on or about April 30, 2007. At the time of the offense, the statute of limitations for sexual assault of a child under article 12.01 of the

3

Texas Code of Criminal Procedure was ten years after the date of the victim's eighteenth birthday. Act of May 24, 1997, 75th Leg., R.S., ch. 740, § 1, 1997 Tex. Gen. Laws 2403, 2403. The complainant, D.C., turned eighteen years old on May 8, 2009.[2] Thus, the statute of limitations would have expired on May 8, 2019 under the statute in effect at the time of the offense.

Lambert's motion for new trial asserted that he was denied a fair trial because the offense occurred prior to September 1, 2007, that the applicable statute of limitations at the time of the offense was a child's twenty-eighth birthday, and that the complainant was thirty-two years old when the August 14, 2023 indictment was filed. In other words, Lambert suggested that the statute of limitations had run before the indictment was filed. In addition, Lambert suggested that the trial court's jury charge was erroneous because "[i]t claimed no limitation existed for the instant case." Lambert's assertions are misplaced.

The Legislature has amended article 12.01 of the Texas Code of Criminal Procedure many times since the date of the offense. In one of these amendments, the Legislature modified the statute of limitations applicable to the charged offense in the instant case. In 2007, before the statute of limitations in effect at the time of the charged offense had run, the Legislature amended article 12.01 of the Texas Code of Criminal Procedure to provide that, effective September 1, 2007, no statute of limitations applies to the offense of sexual assault of a child. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.03, art. 12.01, 2007 Tex. Gen. Laws 1120, 1120. Furthermore, the Texas Court of Criminal Appeals has recognized the body of established case law permitting the

---

[2] We refer to the minor victim by initials to protect their identity.

4

extension of the limitations period for an offense, provided that the limitations period in effect at the time of the offense has not yet lapsed. *See Phillips v. State*, 362 S.W.3d 606, 612–16 (Tex. Crim. App. 2011), *abrogated on other grounds by Ex parte Heilman*, 456 S.W.3d 159, 168–69 (Tex. Crim. App. 2015) (cleaned up) ("[A] statute of limitations may be extended by the legislature, but a prosecution within the new time period will be permitted only if the limitations period had not already run before the law was changed.").

Furthermore, the "no limitations" amendment effective September 1, 2007, stated that the revised statute did not apply to an offense if prosecution of that offense had become barred by limitations before the passage of the amended statute. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 4.01(c), 2007 Tex. Gen. Laws 1120, 1148 ("The change in law made by this Act to Article 12.01, Code of Criminal Procedure, does not apply to an offense if the prosecution of that offense becomes barred by limitation before the effective date of this Act. The prosecution of that offense remains barred as if this Act had not taken effect."). In this case, the offense did not become barred by limitations before passage of the "no limitations" amendment—thus, no limitations apply to this offense.[3] *See* Act of May 18, 2007, 2007 Tex. Gen. Laws at 1120, 1148; *Phillips*, 362 S.W.3d at 612–16. Consequently, the jury charge contained no error in providing that there was no statute of limitations applicable to the offense.

In his brief, Lambert suggests that we review his motion for new trial "to see the various ways in which the trial court may have chosen to grant [him] a new trial," and

---

[3] As we noted above, under the prior version of the statute, the prosecution for the offense in this case would have expired on May 8, 2019. The "no limitations" amendment became effective mere months after the period of commission of the offense and more than a decade before the limitations period would have lapsed.

points to language in his motion suggesting he was denied a fair trial due to "[a]ny other factual reasons to permit the Court to make a finding in support of this . . . [m]otion in the interest of justice." Regarding a trial court's discretion to grant a motion for new trial "in the interest of justice," the Texas Court of Criminal Appeals has stated:

> The trial court's discretion to grant a motion for new trial "in the interest of justice" is not "unbounded or unfettered."[] Instead, "justice" means "in accordance with the law."[] Without a showing that substantial rights were affected, a defendant should not be granted a new trial or else "the phrase 'interest of justice' would have no substantive legal content, but [would] constitute a mere platitude covering a multitude of unreviewable rulings."

*State v. Thomas*, 428 S.W.3d 99, 104–05 (Tex. Crim. App. 2014) (citing *Herndon*, 215 S.W.3d at 907). The Texas Court of Criminal Appeals further held that "[t]here must be some legal basis underpinning the grant of a new trial, even if it is granted in the interest of justice." *Id.* at 105. In this case, Lambert's motion failed to articulate any valid legal basis upon which the trial court could grant a new trial "in the interest of justice," and he articulates none in his appellate brief. *See id.*; TEX. R. APP. P. 38.1(i) (providing that an appellate brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (holding that an appellate court has no obligation to construct and compose a party's issues, facts, and arguments with appropriate citations to authorities and to the record); *see also Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) (observing that, as an appellate court, "it is not our task to pore through hundreds of pages of record in an attempt to verify an appellant's claims," nor is it "our task to speculate as to the nature of an appellant's legal theory").

Lambert also points out language in his motion suggesting that "[a]ll Texas cases

cited by the State in its response should be overruled by contradicted federal cases per the Supremacy Clause of the U.S. Constitution, Article VI, Paragraph 2." Neither Lambert's motion nor his brief provides any citations to federal case law that contradict the State's cited authority.[4] *See* TEX. R. APP. P. 38.1; *Busby*, 253 S.W.3d at 673.

We conclude that Lambert failed to articulate a valid legal claim in his motion for new trial, did not produce evidence or point to evidence in the record that substantiated a valid legal claim, and did not show prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 44.2; *Herndon*, 215 S.W.3d at 909. Accordingly, the trial court abused its discretion in granting Lambert's amended motion for new trial. We sustain the State's sole issue.

### III.    CONCLUSION

We reverse the trial court's order granting new trial and remand the cause to the trial court for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
25th day of July, 2024.

---

[4] We note that numerous federal courts have upheld the constitutionality of extending an unexpired criminal statute of limitations. See *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir.1998) (joining eight other circuits, including the Fifth Circuit Court of Appeals, in holding that "extending a limitations period before the prosecution is barred does not violate the Ex Post Facto Clause").