

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---
## NO. PD-0302-24
---

**BRADRICK GERLMAINE TANNER, Appellant**

**v.**

**THE STATE OF TEXAS**

---
### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS JACKSON COUNTY
---

NEWELL, J., filed a dissenting opinion in which RICHARDSON, WALKER and SLAUGHTER, JJ., joined.

The real question in this case is not whether the court of appeals got the standard of review wrong. After all, if the trial court had granted a new trial after Appellant had testified that he never had any intention of letting the trial court assess punishment, then it would be

difficult to fault the legal conclusions drawn by the court of appeals.[1] The real question in this case is whether the court of appeals could rely upon trial counsel's unsworn and uncontested statements as evidence when applying the standard of review.

The court of appeals was certainly not in a position to determine the truth of trial counsel's unsworn assertion. And the trial court was not placed in a position to make any factual determination regarding trial counsel's statements. Trial counsel did not file a motion for new trial raising a claim of ineffective assistance. Instead, trial counsel filed Appellant's punishment election after voir dire and that was what the trial court ruled upon.[2] And though the trial court took exception to trial counsel's effort to explain his view of the procedural history of the case (both during and after voir dire), trial counsel's statement that "[Appellant] had no intention of having the Court assess punishment" was uncontested.[3] There is no affirmative evidence in this case that actually contradicts trial counsel's assertions regarding Appellant's intent. Sure, the trial court pointed out that Appellant had

---

[1] *Tanner v. State*, No. 13-22-00099-CR, 2024 WL 193722 (Tex. App. – Corpus Christi-Edinburg Jan. 18, 2024, pet. granted) (mem. op., not designated for publication).

[2] *Id.* at *1.

[3] *Id*. at *2.

not testified to his intent, but that did not contradict or conflict with trial counsel's assertion. At best, it suggested the trial court was skeptical (perhaps even understandably so) of trial counsel's factual assertions. If we were reviewing a motion for new trial, the court of appeals would have been obligated to defer to the trial court's implicit credibility determination regarding trial counsel's assertions.[4] But that's not what the trial court did. The trial court made a legal ruling that Appellant's punishment election was untimely which did not require any factual inquiry into Appellant's intent. It certainly did not make any factual determination regarding whether trial counsel rendered ineffective assistance of counsel.

However, the court of appeals appears to have simply found the statement to be true without justifying how it could do so.[5] This Court does a little better by way of our explanation as to how the court of appeals incorrectly viewed the record. But we still never tackle the root question of whether the court of appeals was authorized to rely upon trial counsel's uncontested assertions of fact as evidence when conducting its analysis. Instead, we assume the court of appeals was not authorized to do so merely by characterizing the statement as

---

[4] *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014).

[5] *Tanner*, 2024 WL 193722, at *4-5.

contradicted.[6] This will lead to a broader reliance upon unsworn statements of counsel as evidence. Instead, I would hold that the court of appeals could not rely upon trial counsel's statements because they were not offered under circumstances in which an attorney's unsworn statement of fact can be regarded as evidence.

Though practitioners may have a general notion that merely asserting a fact to a trial court without an objection from opposing counsel establishes a fact that a court of appeals can rely upon, that is not always, or even often, the case.[7] Normally an attorney's statements must be under oath to be considered as evidence.[8] In civil cases, courts have allowed unsworn statements by counsel to be considered where the attorney is essentially speaking for him or herself about his or her thought processes.[9] Likewise, we have recognized (in the criminal context) that an attorney's statements on the record "may be considered as evidence only if the attorney 'is

---

[6] Maj. Op. at 12.

[7] *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005).

[8] *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (noting the oath requirement may be waived by the failure to object when the opponent of the testimony knows or should know an objection is necessary).

[9] *Mathis*, 166 S.W.3d at 745 (considering attorney's statements as evidence in the context of explaining why the attorney failed to appear); *Goode v. Shoukfeh*, 943 S.W.2d 441, 451 (Tex. 1997) (explaining why the attorney exercised preemptory strikes).

speaking from first-hand knowledge.'"[10]   To the extent that an attorney's unsworn statement of fact on a matter outside of the attorney's personal knowledge can be considered by a reviewing court, that is acceptable when an opposing party fails to object in the trial court to the lack of an oath before the assertion.[11]

Further, the Court seems to base its conclusion on its belief that the unsworn testimony should not be considered as affirmative evidence because it is contested or contradicted. The Court does not provide any legal reasoning or support for why unsworn statements could be competent evidence so long as the statements are not contradicted.[12]   Sure, unsworn statements by an attorney cannot be considered generally, but reviewing courts have allowed them to be considered when opposing counsel fails to object to the lack of an oath accompanying the attorney's statement at the trial level.[13]   Indeed, in *State v. Guerrero*, we held that counsel's unsworn statements were

---

[10] *Gonzales v. State*, 435 S.W.3d 801, 811 (Tex. Crim. App. 2014) (citing *State v. Guerrero*, 400 S.W.3d 576, 585 (Tex. Crim. App. 2013)).

[11] *Estate of Brown*, 697 S.W.3d 647, 654 (Tex. 2024) (quoting *Rasco v. Ducars Inv., LLC*, No. 02-21-00375-CV, 2022 WL 4373499, at *8 n.3 (Tex. App.—Fort Worth Sept. 22, 2022, no pet.) (mem. op.)).

[12] Maj. Op. at 12.

[13] *Guerrero*, 400 S.W.3d at 585.

not competent evidence.[14]   But we have never announced a rule that unsworn statements from an attorney could not be considered if the statements themselves were contested.

The unsworn statements of counsel in this case were not competent evidence because they were not sworn, and they do not fit within the scope of the exception to requiring an attorney's testimony be sworn to be considered.   Appellant's trial counsel was not reciting his own thought process, he was making statements about Appellant's thought-process, and therefore was not making a statement based on his personal knowledge.[15]   Further, the statements were not offered during an evidentiary hearing, they were offered during trial counsel's objection to the trial court's refusal to accept Appellant's untimely punishment election.   While it might have been better for the State to object to trial counsel's factual assertions as unsworn, the trial court was not conducting an evidentiary hearing so there was no reason to regard the assertion as a proffer of evidence.

But there is another reason to hold that trial counsel's unsworn and uncontested statements should not be considered as evidence;

---

[14] *Id*.

[15] *Vaccaro v. Raymond James & Assocs., Inc.*, 655 S.W.3d 485, 492 (Tex. App.—Fort Worth 2022, no pet.) (noting that an attorney's unsworn statement was not evidence because it was not based on personal knowledge and provided no factual basis to support it).

Appellant never argued trial counsel was ineffective or otherwise waived his attorney-client privilege. In this context, there was no way for opposing counsel to contest trial counsel's factual assertions. We have held, in the context of a motion for new trial, that a trial court abuses its discretion by granting a new trial "in the interest of justice" based upon alleged errors of trial counsel unless there is either a claim of ineffective assistance or a waiver of the attorney client privilege.[16] Allowing a court of appeals to accept trial counsel's unsworn and uncontested statements regarding the desires or objectives of his client under the circumstances presented in this case would allow attorneys to make an end run around this holding.

Finally, the Court posits that the court of appeals lowered Appellant's burden on prejudice because it noted the record was consistent Appellant's desire to have the jury assess punishment. The court of appeals' statement that the record is consistent with Appellant's intent not to have the trial court assess punishment did not lower Appellant's burden.[17] Our language in *Thompson* that ineffective assistance claims be "firmly founded" in the record simply emphasized that there must be evidence in the record affirmatively establishing a

---

[16] *Thomas*, 428 S.W.3d at 105-07.

[17] *Tanner*, 2024 WL 193722 at *4.

claim of ineffective assistance.[18]  But as we stated in *Miller*, the legal burden for prejudice is "whether there is a reasonable likelihood that the defendant would have opted for the proceeding if his attorney had performed adequately."[19]  I read the court of appeals' statement regarding consistency of the record as simply another way of saying that Appellant's claims were "firmly founded" in light of its acceptance of trial counsel's assertions as fact.  And I worry that by tying this evidentiary proof requirement to the burden for establishing prejudice we raise the standard for prejudice beyond the "reasonable likelihood" standard we announced in *Miller*.[20]  At the very least, I believe this portion of the opinion could be taken out of context to suggest there is a higher standard for establishing prejudice in the future.

This is why I would remand the case to the court of appeals to apply the proper standard for prejudice in light of the record as it exists without trial counsel's unsworn statements.  If trial counsel's statements are not competent evidence and cannot be considered, there is no reason to even engage in a prejudice analysis based upon consideration of those statements.  And without trial counsel's

---

[18] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

[19] *Miller v. State*, 548 S.W.3d 497, 502 (Tex. Crim. App. 2018).

[20] *Id.*

unsworn assertions, the only record the court of appeals could have relied upon to support Appellant's ineffective assistance claim was Appellant's untimely punishment election.  I would remand the case for the court of appeals to address whether that established a reasonable likelihood that Appellant would have opted for punishment from a jury.  Because the Court does not, I respectfully dissent.

Filed: November 27, 2024

Publish