

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0083-23

### THE STATE OF TEXAS

### v.

### LINDSEY HRADEK, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS EL PASO COUNTY

NEWELL, J. filed a concurring opinion in which WALKER, J., joined.

The proper standard for an appellate court to review a trial court's grant of a motion for new trial is an abuse of discretion standard. The bare fact that a trial court may decide a matter differently from an appellate court does not demonstrate an abuse of

discretion.[1]  Appellate courts must view the evidence in the light most favorable to the ruling, defer to the court's credibility choices, and assume that all reasonable fact findings in support of the ruling have been made.[2]  This abuse of discretion standard applies even when one of the grounds raised in the motion for new trial is ineffective assistance of counsel.[3]

Reviewing courts must defer to the trial court's role as fact-finder due to its role as the judge of witness credibility, but they apply a *de novo* review in those situations in which we can isolate a pure question of law.[4]  In *Johnson v. State*, we explained as much in the context of a motion for new trial based upon ineffective assistance of counsel.[5] And, in that case, we noted that "while the ultimate question of prejudice under *Strickland* is to be reviewed *de novo*, the trial court should be afforded deference on any underlying historical fact determinations."[6]

---

[1] *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014)).

[2] *Id.*

[3] *See, e.g., Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013).

[4] *Id.*; *see also Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005).

[5] *Johnson*, 169 S.W.3d at 239*.*

[6] *Id.*

But the bottom line in *Johnson* was far more callipygian than the court of appeals perceived. Indeed, we did not apply a categorically *de novo* standard when evaluating prejudice.[7] We deferred to the trial court's credibility determinations regarding how the trial court could have viewed the impact of the alleged deficient performance.[8] But we also noted that there would not be a reasonable probability that the outcome would change even if we assumed the trial court believed the defendant's version of events.[9]

I do not read *Johnson* as suggesting that reviewing courts categorically apply a strictly *de novo* standard or a purely deferential one when evaluating prejudice as part of the trial court's "ruling." Rather, I believe the proper standard is the one articulated by Presiding Judge Keller in *Kober v. State*, which she relied upon when she authored *Johnson*.[10] In *Kober*, we recognized that "the prejudice prong of *Strickland* is a mixed question of law and fact, [and] that

---

[7] *Id.*

[8] *Id.* at 240. ("The trial court was not required to believe that the defendant would have testified at trial as to the *more* exculpatory version of events given at the motion for new trial hearing.")

[9] *Id.* ("And even if the trial court believed that the more exculpatory version of events given by appellant at the motion for new trial hearing was in fact the version he would have given at trial, there still would not be a reasonable probability that the outcome would change.").

[10] *Kober v. State*, 988 S.W.2d 230 (Tex. Crim. App. 1999).

question often contains subsidiary questions of historical fact, some of which may turn upon the credibility and demeanor of witnesses."[11] Given this understanding, appellate courts must afford "almost total deference" to the trial court's determination of the historical facts and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor, but purely legal questions can be reviewed *de novo*.[12]

In short, I do not believe the standard is an either-or proposition. To the extent that the court of appeals suggested that the prejudice prong of *Strickland* should always be reviewed *de novo*, it erred by failing to defer to the trial court's factual determinations.

By applying a *de novo* standard on the issue of prejudice, the court of appeals appears to have evaluated both legal and factual determinations by the trial court *de novo*. This ignored the more nuanced aspect of the standard of review regarding the distinction between factual findings and legal conclusions. Reviewing courts are not expected to defer to a trial court's ruling on a matter of law because the trial court is in no better position to make that

---

[11] *Id.* at 233.

[12] *Id.*

determination than the reviewing court.[13]  Failing to correct the court of appeals' analysis in this regard would likely have resulted in confusion amongst both trial courts and reviewing courts given how challenging it can be to differentiate between findings of fact and conclusions of law. I join the Court's opinion with the understanding that reviewing courts are not required to defer to a trial court's legal determination on the issue of prejudice after viewing the historical facts in the record in a light most favorable to the trial court's ruling.

Filed: December 11, 2024

Publish

---

[13] *Guzman v.* State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) (noting that the amount of deference a reviewing court affords to a trial court's ruling on a 'mixed question of law and fact' is often determined by which judicial actor is in a better position to decide the issue) (citing *Miller v. Fenton*, 474 U.S. 104, 106 (1985)).