

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-24-00138-CR

The **STATE** of Texas,
Appellant

v.

Jerry **ALAQUINEZ**,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR5644
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice
Concurring Opinion by: Adrian A. Spears II, Justice, joined by H. Todd McCray, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
           Adrian A. Spears II, Justice
           H. Todd McCray, Justice

Delivered and Filed: March 26, 2025

I respectfully concur and write separately because I do not want it to appear that this court is curtailing a trial court's broad discretion in granting motions for new trial when there is a valid basis for granting the new trial. On this record, however, the legal basis asserted was not supported by any evidence, and the mere assertion of a legal basis without evidence is insufficient to support a trial court's decision to grant a new trial.

An appellate court reviews a trial court's decision to grant a new trial for abuse of discretion. *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). While a trial court has discretion to grant a new trial "in the interest of justice," the Texas Court of Criminal Appeals has explained that there must be a showing that substantial rights were affected. *State v. Thomas*, 428 S.W.3d 99, 105 (Tex. Crim. App. 2014). "Without a showing that substantial rights were affected, a defendant should not be granted a new trial or else 'the phrase "interest of justice" would have no substantive legal content, but [would] constitute a mere platitude covering a multitude of unreviewable rulings.'" *Id*. (quoting *Herndon*, 215 S.W.3d at 907). Thus, the Texas Court of Criminal Appeals explained,

> [a] trial court would not generally abuse its discretion in granting a motion for new trial if the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) *produced evidence or pointed to evidence in the trial record that substantiated his legal claim*; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure.

*Id*. (emphasis added).

In reviewing the record, I believe that Alaquinez articulated the valid legal claim of ineffective assistance of counsel, arguing that his appointed counsel at the punishment hearing did not attempt to contradict prejudicial statements made by the complainant that were included in the Pre-Sentence Investigation ("PSI") report. However, I conclude that Alaquinez did not produce any evidence or point to any evidence in the record that would substantiate his ineffective assistance of counsel claim.

Ineffective assistance of counsel may be a valid legal claim upon which a new trial may be granted. *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). To establish a claim for ineffective assistance of counsel, Alaquinez had to prove in the trial court by a preponderance of evidence that (1) his former counsel's performance at the punishment hearing was deficient and

(2) there was a reasonable probability that the result of the proceeding would have been different but for his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999).

On appeal, the applicable standard is abuse of discretion. *State v. Gutierrez*, 541 S.W.3d 91, 97-98 (Tex. Crim. App. 2017). Because Alaquinez produced no evidence of how the five unnamed witnesses would contradict the complainant's statements in the PSI report, I conclude there was no evidence from which the trial court could have determined that Alaquinez received ineffective assistance of counsel at the punishment hearing. *See id*. ("The trial court abuses its discretion only if its ruling is not supported by any reasonable view of the record."). Thus, I conclude the trial court abused its discretion in granting a new trial on punishment. For these reasons, I concur.

Adrian A. Spears II, Justice