

# NUMBER 13-19-00377-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**THE STATE OF TEXAS,** Appellant,

**v.**

**LUIS EZEQUIEL ARCELAY,** Appellee.

---

### On appeal from County Court at Law No. 4
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Perkes**

Appellee Luis Ezequiel Arcelay was convicted by a jury of driving while intoxicated (DWI), a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04. The State contends that the trial court abused its discretion by granting Arcelay's motion for new trial based on his claim of ineffective assistance of counsel. We affirm.

## I.     BACKGROUND

## A.     Trial

On October 6, 2017, at approximately 3:00 a.m., Corporal Raymond Torres of the Texas Department of Public Safety stopped Arcelay for speeding. Corporal Torres, the State's only witness, testified that he detected alcohol on Arcelay's breath and observed that Arcelay's eyes were red and bloodshot. Arcelay admitted to previously drinking a total of two to three 12-ounce beers over the course of the night and claimed that he stopped drinking twenty to thirty minutes before the stop.

Based on his suspicion that Arcelay was driving while intoxicated, Corporal Torres began administering the Standard Field Sobriety Tests (SFST) to Arcelay, beginning with the horizontal gaze nystagmus (HGN) test. During this test, Corporal Torres asked Arcelay to focus on the tip of Torres's pen and follow the pen with his eyes as Torres moved the pen back and forth across a horizontal plane. Corporal Torres explained that when a subject's eyes exhibit involuntary jerking, rather than smooth pursuit, it may indicate that the subject is under the influence of alcohol or certain drugs. Corporal Torres testified that Arcelay displayed six out of six clues of intoxication during the HGN test.

Corporal Torres then administered the walk-and-turn test, which he described as "a divided attention test." The subject is given a series of instructions, and the officer observes whether the subject performs the tasks in accordance with the instructions. According to Corporal Torres, Arcelay displayed five out of eight clues indicating that he was under the influence, including "can't balance during instructions, steps off line, misses heel to toe, wrong number of steps, and turned improperly."

Corporal Torres then administered the one-leg-stand test, and Arcelay exhibited

2

zero out of four clues during this test. Corporal Torres testified that he administered a portable breath test to Arcelay that detected the presence of alcohol; however, pursuant to a pretrial ruling, he was not allowed to testify about the specific results of the test, and the results were not otherwise introduced into evidence. Corporal Torres concluded that Arcelay was under the influence of alcohol and arrested him for DWI. After his arrest, Arcelay refused to provide a breath specimen, and a warrant was not obtained for a blood draw.

During cross examination, Corporal Torres acknowledged that Arcelay did not display other indicators of impairment: he was not swerving, he pulled over without incident, his speech was clear, his balance was steady exiting the vehicle, he did not lean on his vehicle, and he gave accurate and consistent answers to Corporal Torres's questions. Corporal Torres agreed that it is important to administer the SFSTs in accordance with the prescribed standards established by National Highway of Traffic Safety Administration (NHTSA) manual on DWI detection.

Corporal Torres agreed that: according to the NHSTA manual, a person with back or leg problems could have difficulty performing the walk-and-turn test; he failed, in accordance with the manual, to ask Arcelay if he was suffering from any medical issues before administering the test; Arcelay informed him that he had suffered two hip displacements after experiencing difficulty performing the test; and, even though the NHSTA manual provides for alternative testing, Corporal Torres did not administer any such test. Corporal Torres also admitted that, contrary to the standards established by the NHSTA manual, he walked alongside Arcelay while Arcelay performed the walk-and-turn test, which can be distracting to the subject. Finally, Corporal Torres admitted that,

3

while administering the HGN test, he held the stimulus a "good eight inches" from Arcelay's face, not the twelve to fifteen inches prescribed by the NHSTA manual.

The jury returned a guilty verdict. The trial court assessed punishment at 180 days in county jail, suspended the sentence, and placed Arcelay on community supervision for one year.

## B. Motion for New Trial

Arcelay filed a timely motion for new trial claiming ineffective assistance of counsel. His primary contention was that his trial counsel failed to object to the admissibility of the HGN test based on Corporal Torres's admission that he failed to administer the test in accordance with the NHSTA manual. Arcelay's trial counsel testified in support of the motion, saying he was unaware that, in 1994, the Texas Court of Criminal Appeals held that an HGN test is a scientific test subject to a *Daubert/Kelly* challenge. *See Emerson v. State*, 880 S.W.2d 759, 764–69 (Tex. Crim. App. 1994). He disclaimed that his failure to challenge the admissibility of the HGN test was purposeful or part of a sound trial strategy, saying his omission "fell below any objective standard of reasonableness." In his opinion, the admission of the results from the HGN test prejudiced Arcelay's defense. The trial court granted Arcelay's motion, and this appeal ensued.

## II. STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's decision to grant a motion for new trial for an abuse of discretion. *See State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014)). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* (citing *Thomas*, 428 S.W.3d at 103). We will not disturb a trial court's decision to grant a new

4

trial unless the decision "is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.* (citing *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007)).

To prevail on a motion for new trial, the movant need not establish reversible error as a matter of law. *State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007). Instead, a trial court is generally within its discretion to grant a new trial if the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure. *Id.*

Ineffective assistance of counsel is a valid legal claim that may be presented in a motion for new trial. *Thomas*, 428 S.W.3d at 107. The right to counsel afforded by the United States and Texas Constitutions requires more than the presence of a lawyer; "it necessarily requires the right to effective assistance." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *see* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. To prevail on an ineffective assistance claim, an appellant must show by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez*, 343 S.W.3d at 142. To satisfy the first prong, an appellant must overcome the presumption that counsel's challenged conduct constituted sound trial strategy. *Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011). To prove prejudice, an appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence

in the outcome, that the result of the proceeding would have been different. *Lopez*, 343 S.W.3d at 142. To prevail on an ineffective assistance of counsel claim based on a failure to object to evidence, an appellant must demonstrate that the trial court would have committed error in overruling the objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *Alexander v. State*, 282 S.W.3d 701, 709 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

### III.   DISCUSSION

Arcelay argued in his motion for new trial that his counsel was ineffective in failing to object to the admissibility of Corporal Torres's testimony regarding the HGN test because the corporal admitted that he failed to administer the test in the prescribed, standardized manner. *See Emerson*, 880 S.W.2d at 769 (concluding, under the third prong of the *Kelly* analysis, that the HGN test was admissible because it was administered in accordance with the NHSTA manual); *see also, e.g.*, *Smothers v. State*, No. 2-03-00056-CR, 2004 WL 1597652, at *2 (Tex. App.—Fort Worth July 15, 2004, no pet.) (not designated for publication) (concluding that trial court erred in admitting HGN test results where officer acknowledged that she failed to properly administer the test).

The State's only contention on appeal is that the trial court misapplied the law to the facts because slight deviations from the standard for administering the HGN test go to the weight of the evidence, not its admissibility.[1] *See Williams v. State*, 525 S.W.3d 316, 324 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *Hartman v. State*, 198 S.W.3d 829, 839–40 (Tex. App.—Corpus Christi–Edinburg 2006, pet. struck); *Compton v. State*,

---

[1] The State does not argue, for example, that other evidence indicating Arcelay's guilt was sufficiently strong to render any error harmless. *See Ex parte Martinez*, 330 S.W.3d 891, 901–03 (Tex. Crim. App. 2011).

120 S.W.3d 375, 378 (Tex. App.—Texarkana 2003, pet. ref'd). Effectively, the State asks us to conclude that Corporal Torres's admitted deviation was not significant enough to render the HGN results unreliable as a matter of law. We decline to draw a bright line in this case on a matter best left to a trial court's discretion. *See Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003) ("The admissibility of evidence is within the discretion of the trial court and will not be overturned absent an abuse of discretion. That is to say, as long as the trial court's ruling was within the zone of reasonable disagreement, the appellate court should affirm." (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g))).

Corporal Torres admitted during cross examination that when he administered the HGN test to Arcelay, he held the stimulus eight inches from Arcelay's face, not the twelve to fifteen inches prescribed by the NHTSA manual. The manual emphasizes that the validity of SFSTs are dependent upon the tests being "administered in the prescribed, standardized manner." According to the manual, "[i]f any one of the SFST elements is changed, [then] the validity may be compromised." Indeed, the court of criminal appeals accepted the HGN test as a scientifically reliable indicator of intoxication because "officers who administer the HGN test receive standardized training in its administration . . . [and] must follow standardized procedures as outlined in the *DWI Detection* manual published by NHTSA." *Emerson*, 880 S.W.2d at 768.

In a vacuum, four inches seems insignificant, but when we consider it in the context of a scientific standard, a 33% to 47% deviation is not slight. *See Hartman*, 198 S.W.3d at 839–40. At the very least, whether a deviation of such magnitude renders the test results unreliable is within the zone of reasonable disagreement. Therefore, we cannot

7

agree with the State that the trial court abused its discretion when it implicitly found the evidence regarding the HGN test would have been inadmissible if properly challenged. *See Simpson*, 488 S.W.3d at 322; *Moses*, 105 at 627. We overrule the State's narrow challenge to the trial court's decision to grant a new trial.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of December, 2020.